## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 19-33605-SGJ |
| ) | |
| PAPPY'S TRUCKS LTD., ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| PEOPLE'S CAPITAL AND LEASING CORP.) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| PAPPY'S TRUCKS LTD. ) | |
| Respondent. ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## OR, IN THE ALTERNATIVE, ADEQUATE PROTECTION

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON NOVEMBER 22, 2019, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

PEOPLE'S CAPITAL AND LEASING CORP., the movant herein ("People's Capital" or "Movant"), by and through its attorneys, Akerly Law PLLC and Updike,

2280894

Kelly & Spellacy, P.C., hereby moves this Court, pursuant to 11 U.S.C. §§ 361 and 362(d) and Federal Rule of Bankruptcy Procedure 4001, for an order granting it relief from the automatic stay and, in support thereof, respectfully represents as follows:

## I.     BACKGROUND AND JURISDICTION

1.      On October 31, 2019 ("Petition Date"), Pappy's Trucks Ltd. ("**Debtor**") filed a petition for relief under Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas ("**Court**").

2.      The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362 and 28 U.S.C. §§ 157(a) and 1334(b) and Federal Rules of Bankruptcy Procedure 4001 and 9014.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (M), and (O).

3.      On or about February 24, 2017, People's Capital and the Debtor entered into a Master Loan and Security Agreement No. 4487, as amended from time to time ("**Master Loan Agreement**"), pursuant to which People's Capital financed and obtained a purchase money security interest in certain collateral pledged as security for the Master Loan Agreement.  A true and correct copy of the original Master Loan Agreement is attached hereto as **Exhibit A**.

4.      On or about February 24, 2017, People's Capital and Pappy's Trucks entered into Schedule No. 001 to the Master Loan Agreement ("**Schedule No. 1**").  A true and correct copy of the original Schedule No. 1 is attached hereto as **Exhibit B**.

2

5.      On or about March 8, 2017, People's Capital and Pappy's Trucks entered into Schedule No. 002 to the Master Loan Agreement ("**Schedule No. 2**"). A true and correct copy of the original Schedule No. 2 is attached hereto as **Exhibit C**.

6.      On or about March 8, 2017, People's Capital and Pappy's Trucks entered into Schedule No. 003 to the Master Loan Agreement ("**Schedule No. 3**"). A true and correct copy of the original Schedule No. 3 is attached hereto as **Exhibit D**.

7.      On or about March 10, 2017, People's Capital and Pappy's Trucks entered into Schedule No. 004 to the Master Loan Agreement ("**Schedule No. 4**"). A true and correct copy of the original Schedule No. 4 is attached hereto as **Exhibit E**.

8.      On or about March 10, 2017, People's Capital and Pappy's Trucks entered into Schedule No. 005 to the Master Loan Agreement ("**Schedule No. 5**"). A true and correct copy of the original Schedule No. 5 is attached hereto as **Exhibit F**.

9.      On or about March 10, 2017, People's Capital and Pappy's Trucks entered into Schedule No. 006 to the Master Loan Agreement ("**Schedule No. 6**"). A true and correct copy of the original Schedule No. 6 is attached hereto as **Exhibit G**.

10.     Pursuant to Schedule Nos. 1 through 6, Pappy's Trucks granted to People's Capital a security interest in the Equipment described in the attached

2280894

Schedule A to each of Schedule Nos. 1 through 6 (collectively, "**Equipment**"), namely, ten (10) New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Bodies mounted on 2018 Kenworth Model T880 Trucks.

11.     Pursuant to the terms of the Master Loan Agreement and Schedule No. 1, Pappy's Trucks agreed to pay People's Capital seventy-two (72) consecutive monthly payments of $14,559.05.  The total principal amount of Schedule No. 1 was $911,866.90.

12.     Pursuant to the terms of the Master Loan Agreement and Schedule No. 2, Pappy's Trucks agreed to pay People's Capital seventy-two (72) consecutive monthly payments of $2,920.80.  The total principal amount of Schedule No. 2 was $181,973.38.

13.     Pursuant to the terms of the Master Loan Agreement and Schedule No. 3, Pappy's Trucks agreed to pay People's Capital seventy-two (72) consecutive monthly payments of $2,921.19.  The total principal amount of Schedule No. 3 was $181,973.38.

14.     Pursuant to the terms of the Master Loan Agreement and Schedule No. 4, Pappy's Trucks agreed to pay People's Capital seventy-two (72) consecutive monthly payments of $2,924.23.  The total principal amount of Schedule No. 4 was $181,973.38.

15.     Pursuant to the terms of the Master Loan Agreement and Schedule No. 5, Pappy's Trucks agreed to pay People's Capital seventy-two (72) consecutive

monthly payments of $2,924.62. The total principal amount of Schedule No. 5 was $181,973.38.

16. Pursuant to the terms of the Master Loan Agreement and Schedule No. 6, Pappy's Trucks agreed to pay People's Capital seventy-two (72) consecutive monthly payments of $2,925.00. The total principal amount of Schedule No. 6 was $181,973.38.

17. On or about February 27, March 8, and March 10, 2017, Pappy's Trucks acknowledged that the Equipment had been delivered to and was approved by Pappy's Trucks. True and correct copies of the original Delivery Certificates related to Schedule Nos. 1 through 6 are attached hereto as **Exhibit H**.

18. People's Capital perfected its security interest in the Equipment by filing with the Texas Secretary of State U.C.C.-1 Financing Statement Nos. 17-0006520829, 17-00080034, 17-0008074471, 17-0007998809, 17-0008588481, 17-0008381513, and 17-0008588007 (collectively, "**UCC Statements**"). True and correct copies of the original UCC Statements are attached hereto as **Exhibit I**.

19. People's Capital also perfected its security interest in the Equipment by being recorded as 1st Lienholder on the Texas Certificates of Title for all of the Equipment. True and correct copies of the original Texas Certificates of Title are attached hereto as **Exhibit J**.

20. The Debtor failed or otherwise refused to make all scheduled payments due on the Agreements, in violation of Paragraphs 2 and 14 of the Master Loan Agreement.

2280894

15.     Under the Agreements, the Debtor remains obligated and responsible to People's Capital for the outstanding balance remaining in the total amount of $1,525,994.12 as of September 17, 2019, plus default interest at the rate of 18%, costs, expenses, and attorney's fees, and are required under the Agreements to surrender the Equipment immediately to People's Capital.

16.     As of the Petition Date, the Debtor's obligation and debt due under the terms of the Master Loan Agreement and Schedules 1–6 to People's Capital was $1,284,898.81, including prepetition arrearages of $116,699.56 in unpaid installment payments and $7,586.20 in late fees and no postpetition arrearage.

17.     Upon information and belief, the Equipment is within the Debtor's possession, custody, and control and is located at 13851 South Highway 34, Scurry Texas 75158.

18.     Upon information and belief, the orderly liquidation value of the Equipment is $1,150,000.00.[1]

## II.     REQUEST FOR RELIEF FROM THE AUTOMATIC STAY

19.     Section 362(d)(1) of the Bankruptcy Code provides in relevant part that:

> (d)     On request of a party in interest and after a hearing, the court shall grant relief from the stay . . . by terminating, annulling, modifying, or conditioning such stay—
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest[.]
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if—

---

[1] The orderly liquidation value is based on a future value projection prepared by Irontrax LLC, which lists the Year 1 orderly liquidation value at $115,000 per unit. A true and correct copy of this appraisal is attached as **Exhibit K**.

2280894

(A)    the debtor does not have an equity in such property; and

(B)    such property is not necessary to an effective reorganization[.]

20.    Section 362(d)(1) of the Bankruptcy Code provides that relief from stay shall be granted for cause. The term cause is not defined in the United States Bankruptcy Code, and whether cause exists should be determined on a case by case basis. *See In re Sonnax Indus.*, 907 F.2d 1280, 1285–86 (2d Cir. 1990).

21.    People's Capital has not been offered adequate protection by the Debtor or any Guarantors and People's Capital does not have adequate protection for its interest in the Equipment. Cause exists under 11 U.S.C. § 362(d)(1) where no adequate protection payments whatsoever have been made or proffered. *See In re McManus*, 30 F.3d 1491 (5th Cir. 1994). Relief from stay is available to People's Capital given that its interest in property of the bankruptcy estate is not adequately protected.

22.    No cure payment and/or adequate protection payments have been offered or made to People's Capital. As each day passes and the Equipment continues to be used, the Equipment continues to depreciate in value. Here, in the present financial climate, the value of People's Capital's interest in the Equipment continues to decrease and erode. The evidence supports termination of the stay for cause under 11 U.S.C. § 362(d)(1).

23.    In light of the foregoing, People's Capital submits that cause exists, under Bankruptcy Code § 362(d)(1), for relief from the automatic stay.

2280894

24.     People's Capital submits that the automatic stay should be terminated and/or modified under Bankruptcy Code § 362(d)(2) because the Debtor does not have equity in the Equipment and the Equipment is not necessary for the Debtor's successful reorganization.

24.     People's Capital also requests that this Court order that the 14-day stay provided by the Federal Rule of Bankruptcy Procedure 4001(a)(3) is not applicable to this motion, so that People's Capital may immediately enforce and implement the requested order terminating and/or modifying the automatic stay.

WHEREFORE, People's Capital respectfully requests that this Court enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362 so that People's Capital may enforce its rights pursuant to the Master Loan Agreement and under State law and granting it such other and further relief as is just and equitable, or, alternatively, ordering the Debtor to pay to People's Capital adequate protection payments.

[signature block to follow]

2280894

Dated: November 20, 2019.     Respectfully submitted,

PEOPLE'S CAPITAL AND LEASING CORP.

By:     /s/ Bruce W. Akerly
        Bruce W. Akerly
        Texas Bar No. 00953200
        AKERLY LAW PLLC
        878 S. Denton Tap Road, Suite 100
        Coppell, TX 75109
        Tel.: (469) 444-1878
        Fax: (469) 444-1801
        Email: bakerly@akerlylaw.com

        ITS ATTORNEY

**Of Counsel:**

Evan S. Goldstein (ct22994) (to be admitted)
Adam B. Marks (ct28787) (to be admitted)
Updike, Kelly & Spellacy, P.C.
100 Pearl Street, 17th Floor
P.O. Box 231277
Hartford, Connecticut 06123-1277
Telephone: 860.548.2600
Facsimile: 860.548.2680
Email: egoldstein@uks.com
Email: amarks@uks.com

2280894

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2019, a true and accurate copy of the foregoing Motion was served via Overnight Mail, via e-mail, or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

**Debtor**
Pappy's Trucks Ltd.
Attn: President/CEO/Manager
PO Box 307
Scurry, TX 75158

**Debtor's Attorney**
Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road
Suite 625
Dallas, TX 75230

**U.S. Trustee**
United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202

**20 Largest Unsecured Creditors\***
PLES Investments
PO Box 307
Scurry, TX 75158

First Insurance Funding
PO Box 7000
Carol Stream, IL 60197-7000

Pappy's Sand & Gravel
PO Box 307
Scurry, TX 75158

Top Cat Ready Mix
PO Box 308
Scurry, TX 75158

2280894

Self Radio, Inc.
PO Box 76
Montague, TX 76251
Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

NTTA
P.O. Box 260928
Plano, TX 75026-0928

*By including these creditors, People's Capital does not waive the right to challenge whether any is an insider under 11 U.S.C. § 101(31) and related case law.

By: /s/ Bruce W. Akerly
      Bruce W. Akerly

11

# EXHIBIT A

## MASTER LOAN AND SECURITY AGREEMENT NO. 4487

This Master Loan and Security Agreement is entered into as of 24th day of February, 2017, by and between **People's Capital and Leasing Corp.**, a Connecticut corporation, having its principal place of business at 850 Main St., BC-03 Bridgeport, CT 06604 (the "Lender") and **Pappy's Trucks, Ltd.** a Limited partnership organized under the laws of the State of Texas with its chief executive office and place of business at 13851 South Highway 34, Scurry, TX 75158, (the "Borrower"). The Lender and Borrower agree as follows:

**1. THE LOANS.** Subject to the terms and conditions of this Agreement, the Lender will make one or more loans to the Borrower upon the terms and conditions set forth in this Agreement and each schedule which may be executed from time to time by the parties hereto and identified as a schedule to this Agreement (individually, a "Schedule" and collectively, the "Schedules") and all amendments, riders and supplements hereto and thereto. Each Schedule shall be deemed to incorporate the terms of this Agreement and this Agreement and each Schedule which may be executed pursuant hereto shall constitute a separate and distinct loan (each a "Loan" and collectively, the "Loans") repayable as provided in this Agreement and the applicable Schedule.

**2. REPAYMENT OF LOANS.** Borrower agrees to repay each Loan in the number and the amount of successive monthly or quarterly installments (which shall be inclusive of interest, unless otherwise indicated) reflected in the applicable Schedule. The advance payment with respect to a Schedule, if any, shall be due and payable upon execution of the Schedule. The first periodic installment (exclusive of the advance payment, if any) with respect to a Schedule shall be due on the first (1st) day of the month following the advance of the Loan proceeds by Lender (the "Commencement Date"). The remaining periodic installment payments shall be due and payable on the same day of each successive month (or quarter, if quarterly payments are provided for in the Schedule). However, the parties may select another Commencement Date by noting the same in the Special Provisions section of the Schedule or by a separate writing signed by Lender and Borrower in which case the first periodic installment payment shall be due on such date. The Borrower authorizes the Lender to insert the Commencement Date in each Schedule, determined in accordance with the foregoing provisions. Unless otherwise specifically provided for in writing, no Loan may be prepaid.

**3. SECURITY INTEREST.** To secure payment when due (at maturity by acceleration or otherwise) of the Loan described in the applicable Schedule, any interim funding against such Loan, the performance of all other obligations of the Borrower under this Agreement and the applicable Schedule and the payment and performance of any and all other Schedules, debts, obligations and liabilities of Borrower to Lender whether direct, contingent or joint and several, now existing or hereafter arising (including obligations assigned to Lender), and any renewals, extensions and modifications of such debts, obligations and liabilities, Borrower hereby conveys, assigns and grants to Lender a continuing security interest in and to (i) the equipment described in the applicable Schedule and all amendments, riders and supplements thereto including all related software (embedded therein or otherwise), all parts, repairs, additions, attachments, replacements, replacement parts, accessions and accessories incorporated therein or affixed thereto, modifications and substitutions

1

thereto (the "Equipment") and (ii) all proceeds thereof including insurance proceeds (all of the above, including the Equipment, collectively, the "Collateral").

**4. FINANCING AGREEMENT.** THIS AGREEMENT IS SOLELY A FINANCING AGREEMENT. BORROWER ACKNOWLEDGES THAT THE EQUIPMENT HAS BEEN OR WILL BE SELECTED AND ACQUIRED SOLELY BY BORROWER AND THAT LENDER HAS NOT AND DOES NOT MAKE ANY WARRANTY WITH RESPECT TO ITS CONDITION, MERCHANTABILITY, SUITABILITY, CAPACITY OR FITNESS FOR ANY PARTICULAR PURPOSE.

**5. UNCONDITIONAL OBLIGATION TO PAY, LATE PAYMENTS, ETC.** All payments due under a Schedule or hereunder shall be paid to Lender or its assigns without notice or demand and without abatement, offset, defense or counterclaim, at Lender's principal office shown above, or such other place as Lender or its assignee may designate in writing to Borrower. Borrower's obligation to pay the installments and other payments due under a Schedule or hereunder shall be absolute and unconditional and shall not be affected by reason of (i) any defect in, lack of fitness for use of, damage to, loss of possession or use of or destruction of, all or any of the Equipment described in such Schedule; (ii) the prohibition or other restriction against Borrower's use of said Equipment; or (iii) for any other cause, it being the agreement of the parties that the Loan and any other amount payable by Borrower under a Schedule or hereunder shall continue to be payable in all events in the manner and at the times provided in the Schedule and this Agreement.

Time is of the essence in the performance of the Borrower's obligations under this Agreement and each Schedule. If any periodic installment payment or other payment is more than five (5) days late, Lender may, at its election, and subject to prior exercise of its right of acceleration, accept the payment in arrears and Borrower shall pay, as liquidated damages: (i) a late charge on, and in addition to such periodic installment or other payment, equal to five (5%) percent of such defaulted payment plus, (ii) interest on such defaulted payment from one (1) month after the due date until paid at the lower of one and one-half percent (1.5%) per month or the maximum rate permitted by law. Any amount received by Lender determined to be in excess of the highest rate of interest permitted by applicable law shall be refunded to Borrower. A returned check fee or a non-sufficient funds charge of $25.00 will be charged to Borrower for each check that is returned for any reason including non-sufficient funds or uncollected funds.

**6. REPRESENTATIONS AND WARRANTIES.** Borrower warrants, represents and agrees as follows as of the date hereof and as of the date of execution of each Schedule: (i) unless it is an individual or sole proprietorship, Borrower is duly organized, validly existing and in good standing in the state in which it was organized (as indicated in the introductory paragraph of this agreement) and is duly qualified to do business wherever necessary to carry on its business and operations; (ii) Borrower has the authority to carry on its business as presently conducted; (iii) the Agreement is and each Schedule will be a legal, valid and binding obligation of the Borrower in accordance with its terms; (iv) Borrower has full power and authority to execute, deliver and perform its obligations under this Agreement and the Schedules; (v) the execution and delivery of this Agreement and the Schedules has been authorized by all requisite corporate (or partnership or limited liability company) action; (vi) the execution, delivery and performance of this Agreement and the Schedules does not and will not constitute a breach, default or violation of or under Borrower's articles of incorporation or organization, by laws,

2

partnership or limited liability company agreement or any other agreement, law, order, judgment or injunction to which it is a party or may be bound; (vii) the Equipment is (or, on the Commencement Date, will be) lawfully owned by Borrower, free and clear of all liens, encumbrances and security interests and Borrower will warrant and defend title thereto against all claims; (viii) Borrower has not granted and will not grant to any one other than Lender a security interest in the Equipment and no Financing Statement or other instrument affecting the Equipment nor rights therein, bearing the signature of, or otherwise authorized by, Borrower is on file in any public office; (ix) the Equipment shall at all times remain personal property and be retained in Borrower's possession at its principal address set forth above (or, if so indicated in a Schedule, at the Equipment location set forth in such Schedule); (x) the Equipment shall be used solely for business purposes and not for any consumer purposes; (xi) if the Equipment is attached to real estate or if it is or may become subject to a prior interest in favor of a party having any interest in the real estate, Borrower will, on Lender's demand, furnish Lender with a writing by which any and all parties having such prior interest waive or subordinate their rights and priorities to, or in favor of, Lender's security interest provided herein; (xii) all financial statements and other credit information delivered by Borrower to Lender are true and correct in all respects and there has been no material adverse change in the financial condition of the Borrower since their date; (xiii) there are no pending or threatened actions or proceedings before any court or administrative agency that are likely to have a material adverse effect on Borrower, nor is Borrower in default under any loan, lease or purchase obligation; (xiv) Borrower has filed all tax returns required to be filed prior to the date of this Agreement and each Schedule taking into account any extension of time granted or permitted by the taxing authority and has paid or adequately provided for all taxes payable by the Borrower and (xv) Borrower's exact legal name and State of incorporation (or if not a corporation, State of organization) and chief executive office are accurately set forth in the first paragraph of this Agreement and that the organizational number (if applicable) assigned to Borrower in the State in which it was organized is as specified below Borrower's signature.

7.    **INSURANCE.** Borrower shall, at its sole cost and expense, procure and maintain, so long as Borrower is indebted to Lender on any Loan or on any other liability:

(i)    property insurance insuring the Equipment against all risks of physical loss, theft, damage and destruction (including specific coverage for loss by flood and earthquake, if requested by Lender) in an amount equal to the greater of (a) the amount of the Loan under the applicable Schedule or (b) the full replacement value of the Equipment and Lender and its assigns shall be named by endorsement with "lender's loss payable provisions" under such policy, and;

(ii)    primary commercial general liability insurance and/or commercial auto liability with respect to the use and maintenance of the Equipment in such amounts as may be reasonably acceptable to Lender.

All insurers and coverages must be reasonably satisfactory to Lender. Borrower shall deliver to Lender Evidence of Commercial Property Insurance on ACORD form 28 ("Evidence") (or equivalent) with ISO special form (or its equivalent), including flood and earthquake coverage (if requested by Lender) and Certificate of Liability Insurance on ACORD form 25 (or equivalent) or other proof of insurance indicating that Borrower has obtained appropriate liability coverage for its operations. Evidence shall provide that the policy may not be canceled or altered without at least thirty (30) days prior written notice to Lender and that the coverage shall not

be invalidated against Lender because of any violation of any condition or warranty contained in any policy or application therefor by Borrower or by reason of any action or inaction of Borrower. If requested by Lender, Borrower shall provide Lender with a copy of its commercial property insurance policy and an endorsement to the policy indicating Lender's interest in the policy. Borrower hereby irrevocably appoints Lender as Borrower's attorney-in-fact to file, settle or adjust and receive payment of claims under any insurance policy on the Equipment and to endorse Borrower's name on any checks, drafts or other instruments of payment on such claims.

**8.  USE, REPAIRS, LOSS AND DAMAGE.**  Borrower agrees to maintain the Equipment in good condition and repair and in accordance with the manufacturer's instructions, manuals and warranties (if any), and the requirements of any applicable insurance and any governmental authority having jurisdiction, provided, however, that Borrower shall not make any changes or alterations in or to the Equipment except as necessary for compliance with this section. Borrower shall pay for all fuel, service, inspection, overhaul, replacements, substitutions, materials and labor necessary or desirable for the proper use, repair, operation and maintenance of the Equipment.  All risks of loss, theft, damage or destruction of the Equipment shall be borne by Borrower and Borrower shall promptly notify Lender in writing of any such loss, theft, damage or destruction.  In the event of any damage to the Equipment (unless the same is damaged beyond repair) Borrower shall, at its expense, place the same in good repair, condition and working order.  If the Equipment set forth in a Schedule or Schedules is determined by Lender to be lost, stolen or damaged beyond repair, or should said Equipment be confiscated, seized or the use and title thereof requisitioned to someone other than Borrower, Borrower shall immediately pay to Lender, in addition to unpaid past due periodic installment payments on the Loan, other unpaid sums then due hereunder and late charges then past due, an amount equal to the then remaining periodic installment payments due on the Loan discounted to present value at the rate of  two percent (2%) per annum, less the net amount of the recovery, if any, actually received by Lender from insurance on the Equipment.

**9.  TAXES AND OTHER CHARGES.**  Borrower agrees to pay promptly when due all registration, title, license and other fees, assessments and sales, use, gross receipts, ad valorum, property and any and all other taxes imposed by any State, Federal, local or foreign government upon this Agreement and the Schedules or upon the ownership, shipment, delivery, use or operation of the Equipment or any Collateral or upon or measured by any payments due hereunder (other than taxes on or measured solely by the net income of Lender) and any fines, penalties and interest thereon.

**10. BORROWER'S ADDITIONAL COVENANTS.**  Borrower hereby agrees and covenants as follows: (i) except for the security interest granted hereby, Borrower shall keep the Equipment free and clear of any security interest, lien or encumbrance and shall not sell, lease, assign (by operation of law or otherwise), exchange or otherwise dispose of any of the Equipment, (ii) Borrower authorizes Lender to file a financing statement and amendments thereto describing the Collateral, which may be filed either before or after Borrower's execution of any related Schedule, and Borrower agrees to pay any filing fees and/or costs with respect thereto and for lien searches and articles of incorporation; (iii) if any part of the Collateral is subject to certificate of title law, Borrower will cause Lender's security interest to be noted on such certificate of title and promptly deliver such

certificate to Lender; (iv) Borrower agrees that it will not change the State where it was incorporated or otherwise, nor change its name or address, without providing Lender with thirty (30) days prior written notice; (v) Borrower will allow Lender and its representatives free access to the Collateral at all times during normal business hours, for purposes of inspection and repair and, following an Event of Default, Lender shall have the right to demonstrate and show the Collateral to others and (vi) Borrower will furnish or cause to be furnished to Lender (a) its interim Financial Statements to include both a balance sheet and income statement within sixty (60) days after the end of its first three quarters in each fiscal year, (b) its compiled annual Financial Statements with corporate tax returns prepared by an independent certified public accountant within one hundred twenty (120) days after the close of its fiscal year which shall be prepared in accordance with generally accepted accounting principles, (c) the financial statements or other financial information which any guarantor of Borrower's obligations hereunder ("Guarantor") is required to provide to Lender as set forth in the applicable guaranty, and (d) all other financial information and reports that Lender may from time to time reasonably request, including income tax returns of Borrower and any Guarantor; (vii) Borrower and any Guarantor agrees that any financial statements or other nonpublic information which Borrower or any Guarantor provides to Lender may be disclosed by Lender for legitimate business purposes to Lender's affiliates, attorneys, advisors, recourse providers, prospective Equipment remarketers, assignees or participants, auditors or other parties pursuant to law, and (viii) Borrower will comply with all applicable federal, state and local laws, rules, ordinances, regulations and orders applicable to it and Borrower will execute and deliver to Lender such further documents and take such further action as Lender may require in order to more effectively carry out the intent and purpose of this Agreement.

**11. BORROWER'S FAILURE TO PAY TAXES, INSURANCE, ETC.**  Should Borrower fail to make any payment or do any act as herein provided (including, but not limited to, payment of taxes or for insurance), Lender shall have the right, but not the obligation, and without releasing Borrower from any obligation hereunder, to make or do the same, and to pay any sum due in connection therewith or to contest or compromise any encumbrance, charge or lien and in exercising any such rights, incur any liability and expend whatever amounts in its absolute discretion it may deem necessary therefor.  If any of the foregoing shall be paid by Lender, Borrower shall promptly reimburse Lender therefor on demand together with interest thereon at the lower of  one and one-half percent (1.5%) per month or the maximum rate permitted by law.

**12. CROSS COLLATERALIZATION.**  Without in any way limiting the provisions of Section 3, as additional security for the Borrower's obligations under any Schedule, Borrower grants to Lender a security interest in all equipment and other personal property (collectively the "additional collateral") set forth in every other Schedule, lease, security agreement, loan and security agreement or other agreement (collectively, the "other agreements") between the Borrower and the Lender whether now or hereafter in existence (including agreements assigned to Lender), and Borrower assigns to the Lender as security for its obligations under each Schedule all of its right, title and interest in and to any surplus money to which Borrower may be entitled upon the sale or other disposition of the additional collateral.  Such additional collateral shall continue to secure the Borrower's obligations under each Schedule even after the obligations under the applicable other agreement have been satisfied in full.  Anything above to the contrary notwithstanding, the benefit of the foregoing

additional security provisions shall apply to the benefit of the Lender and any assignee holding a Schedule only to the extent that the Lender or such assignee is also the holder of one or more other agreements.

**13. INDEMNITY.**   Borrower assumes liability for and agrees to indemnify, defend, protect, save and keep harmless Lender from and against costs, expenses and disbursements, including court costs and legal expenses, of whatever kind and nature, imposed on, incurred by or asserted against Lender (whether or not also indemnified against by any other person) in any way relating to or arising out of this Agreement or the Schedules or the manufacture, financing, ownership, delivery, possession, use, operation, condition or disposition of the Equipment by Borrower, including, without limitation, any claim alleging latent and other defects, whether or not discoverable by Lender or Borrower, and any other claim arising out of strict liability in tort, whether or not in either instance relating to an event occurring while Borrower remains obligated under this Agreement, and any claim for patent, trademark or copyright infringement.   Each party agrees to give the other notice of any claim or liability hereby indemnified against promptly following learning thereof.   The fact that a claim for which Lender is entitled to indemnity under this Section is asserted after the termination of this Agreement shall not release Borrower from its indemnity obligations and this covenant of indemnity shall survive the termination of this Agreement.

**14. DEFAULT.**   The occurrence of any one of the following shall constitute an "Event of Default" hereunder and under each Schedule:   (i) Borrower fails to pay any periodic installment payment, or other amount due hereunder or under any Schedule on or before the fifth (5th) day following the date when the same becomes due and payable; (ii) Borrower removes, sells, transfers, encumbers, or parts with possession of the Equipment or any items of Equipment or attempts to do any of the foregoing; (iii) Borrower fails to maintain in force the required insurance on any Equipment in compliance herewith or fails to provide loss payable protection to Lender in form satisfactory to Lender; (iv) any representation or warranty made by Borrower herein or in any other agreement between the parties or in any statement given to Lender shall be materially untrue; (v) Borrower shall fail to observe or perform any of the other obligations required to be observed or performed by Borrower hereunder or under any Schedule or Borrower or any Guarantor shall fail to observe any other obligation or indebtedness of Borrower or such Guarantor to Lender otherwise owing or due by Borrower or such Guarantor to Lender in any other agreement now or hereafter executed between the parties hereto, and such failure shall continue uncured for twenty (20) days after written notice thereof to Borrower or such Guarantor; (vi) Borrower or any Guarantor shall (a) fail to pay any indebtedness for borrowed money (other than the Loan) of the Borrower or such Guarantor, or any interest or premium thereon, when due (whether by scheduled maturity, required prepayment, acceleration, demand or otherwise) or (b) fail to perform or observe any term, covenant, or condition on its part to be performed or observed under any agreement or instrument relating to such indebtedness, or if any such indebtedness shall be declared to be due or payable or required to be prepaid (other than by a regularly scheduled required prepayment) prior to the stated maturity thereof; (vii) if Borrower leases the premises where the Equipment is located, a breach of such lease by Borrower and the commencement of an action by the landlord to evict Borrower or to repossess the premises; (viii) if Borrower or any Guarantor sells, leases or disposes of any of its assets except in the ordinary course of its business and except for the disposition of any obsolete property not useful to Borrower or such Guarantor; (ix) Borrower or any Guarantor ceases doing business as a going concern, makes an assignment for the benefit of creditors,

6

admits in writing its inability to pay its debts as they become due, files a voluntary petition in bankruptcy, is adjudicated a bankrupt or an insolvent, files a petition seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar arrangement under any present or future statute, law or regulation or files an answer admitting the material allegations of a petition filed against it in any such proceeding, consents to or acquiesces in the appointment of a trustee, custodian, receiver or liquidator of it or of all or any substantial part of its assets or properties, or if Borrower or any Guarantor takes any action looking to its dissolution or liquidation, or an order for relief is entered under the Bankruptcy Code against Borrower or any Guarantor; (x) if within sixty (60) days after the commencement of any proceedings against Borrower or any Guarantor seeking reorganization, arrangement, readjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, such proceedings, shall not have been dismissed or if within sixty (60) days after the appointment, without Borrower's or Guarantor's acquiescence, of any trustee, custodian, receiver or liquidator of it or of all or any substantial part of its assets and properties, such appointment shall not be vacated; (xi) Borrower or any Guarantor terminates its existence, sells all or substantially all of its assets or consolidates with or merges into any other entity or its stockholders, partners or members sell all or substantially all of their stock or partnership or membership interests; or (xii) the entry of any judgment, order, award or decree against Borrower or a Guarantor which has not been discharged or execution thereof not stayed within sixty (60) days after entry and which is not fully covered by applicable insurance, and a determination by Lender, in good faith but in its sole discretion, that the same could have a material adverse effect on the Borrower or the Guarantor or the Lender's rights with respect to the Collateral or the prospect for full and punctual payment of the payments due hereunder; (xiii) the death of an individual Guarantor; or (xiv) Lender shall determine that there has been a material adverse change in the financial condition or business operations of the Borrower or any Guarantor since the date of the execution of this agreement or that the Borrower's ability to perform its obligations hereunder has been materially impaired.

**15. REMEDIES.** Upon the occurrence of an Event of Default, Lender shall have the right to recover from Borrower, as liquidated damages for loss of a bargain and not as a penalty, a sum equal to the aggregate of the following with respect to any and all Schedules: (a) all unpaid periodic installment payments and other sums due under the Schedule to the date of default plus late charges, if any, (b) the present value (using a two percent per annum (2%) discount rate) of all unmatured installments to become due under the Schedule and (c) interest on the total of (a) plus (b) from the date of default at the rate of one and one-half percent (1.5%) per month, if not prohibited by law, otherwise at the highest lawful rate. In addition, Lender shall have the right to recover from Borrower any expenses paid or incurred by Lender in connection with the enforcement of its rights under each Schedule and the repossession, transporting, holding, insuring, repairing, refurbishing, preparing for sale and subsequent sale, lease or other disposition of the Collateral including reasonable attorney fees and legal expenses (collectively, "Repossession Expenses"). **BORROWER WAIVES ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON THIS AGREEMENT, ANY SCHEDULE OR ANY COLLATERAL**.

If the Equipment is mobile equipment and/or normally or actually used in more than one location, whether self-propelled or transported by other equipment, including but not limited to trucks, tractors, trailers, other motor vehicles, cranes, lifts, digging equipment, cement mixers, rolling stock and all other construction, transportation, and mining equipment and all attachments and accessions to any of the foregoing, then Lender

shall have the right on five (5) days notice to require Borrower at Borrower's expense to deliver the Equipment fully assembled to a single location for possession by Lender.

The Lender shall have all of the rights and remedies of a Secured Party under the Uniform Commercial Code and all other rights and remedies available to creditors at law or in equity. Without limiting the generality of the foregoing, Lender is hereby authorized and empowered, with the aid and assistance of any person or persons, to enter any premises where the Collateral or any part thereof is, or may be, placed, and to assemble and/or remove same and/or to render it unsalable and sell, lease or otherwise dispose of such Collateral and any such sale may be at one or more public or private sales upon at least ten (10) days written notice to Borrower for such sale. The proceeds of each such sale, lease, or other disposition of the Collateral shall be applied first, to the Repossession Expenses, second to the liquidated damages specified above and any other indebtedness secured hereby, third, to the holder of any subordinate interest or other lien on the Collateral if such holder is legally entitled to such proceeds and fourth, any surplus to Borrower. Borrower shall remain liable for any deficiency on demand. IF LENDER EMPLOYS COUNSEL FOR THE PURPOSE OF EFFECTING COLLECTION OF ANY MONIES DUE HEREUNDER (WHETHER OR NOT LENDER HAS RETAKEN THE COLLATERAL OR ANY PART HEREOF) OR FOR THE PURPOSE OF RECOVERING THE COLLATERAL, BORROWER AGREES TO PAY REASONABLE ATTORNEY'S FEES, COSTS AND EXPENSES INCLUSIVE OF THOSE INCURRED IN BANKRUPTCY PROCEEDINGS, INCLUDING RELIEF FROM STAY MOTIONS, CASH COLLATERAL MOTIONS AND DISPUTES CONCERNING ANY DISCLOSURE STATEMENT AND/OR BANKRUPTCY PLAN. The Lender may require Borrower to assemble the Collateral and make it available to Lender at a place to be designated by Lender which is reasonably convenient to both parties. Borrower acknowledges and agrees that (i) Lender shall have no obligation to clean-up or otherwise prepare the Equipment or other collateral for sale; (ii) Lender may comply with any state or federal law requirements in connection with the disposition of the Equipment or other collateral and such compliance shall not be considered adversely to affect the commercial reasonableness of the sale; (iii) Lender may sell the Equipment or other Collateral without giving any warranties with respect thereto and may specifically disclaim any warranties and such procedure shall not be considered adversely to affect the commercial reasonableness of the sale; and (iv) if Lender sells any of the Equipment or other Collateral on credit, Borrower shall be credited only with the payments actually made by the purchaser, received by the Lender and applied to the indebtedness of the purchaser and if the purchaser fails to pay for the Equipment or other collateral, Lender may resell the Equipment or other collateral and Borrower will be credited with the proceeds of the sale. All rights and remedies hereunder are cumulative and not exclusive and a waiver by Lender of any breach by Borrower of the terms, covenants, and conditions hereof shall not constitute a waiver of future breaches or defaults, and no failure or delay on the part of Lender in exercising any of its options, powers, rights or remedies, or partial or single exercise thereof, shall constitute a waiver thereof.

If any court of competent jurisdiction determines that any provision of this Section 15 is invalid or unenforceable in such jurisdiction, in whole or in part, such determination shall not prohibit Lender from enforcing all other provisions in such jurisdiction.

**16. ASSIGNMENT.** Lender may grant security interests in or otherwise assign or transfer (or grant participations in) all or any part of this Agreement or any Loan or Schedule or any installments or other sums due or to become due, without Borrower's consent. Borrower waives and agrees not to assert against any

assignee any claim, defense or set-off that Borrower could assert against Lender except defenses that cannot be legally waived. In the event Lender assigns any Schedule, (i) a copy of this Agreement together with the manually executed (ink-signed) original Schedule shall constitute the original chattel paper under the Uniform Commercial Code and (ii) the assignee holding the assigned Schedule shall be the Lender of the Loan set forth in such assigned Schedule secured by the Collateral described therein and may exercise its rights and remedies with respect thereto separately and independently of the holder of any other Schedule. Upon Lender's giving written notice to Borrower of any such assignment, Borrower shall promptly acknowledge its obligations under the Schedule assigned and shall comply with the written directions of such assignee, shall make all installment payments and other payments due with respect to the assigned Schedule as such assignee may direct in writing and shall send all notices provided for or permitted under this Agreement with respect to such Schedule to such assignee. Following any such assignment the term "Lender" shall, as to the assigned Schedule, be deemed to refer to Lender's assignee, but no such assignee shall be deemed to assume any obligation or duty imposed upon Lender hereunder arising prior to such assignment and Borrower shall look only to Lender for performance thereof. As used in this Section 16, "assign" shall be deemed to include a pledge, sale of, or grant of a security interest in, any of the Collateral or a Schedule by Lender and the term "assignee" shall be deemed to refer to the recipient of such pledge, hypothecation, sale, mortgage, or security interest. This Agreement and any Schedule shall not be transferable or assignable by Borrower without the Lender's express prior written consent and any such purported assignment by Borrower other than in compliance with the provisions of this Section 16 shall be null and void ab initio.

**17. SECURITY DEPOSIT.** If a Security Deposit is indicated in a Schedule then such Security Deposit shall secure all of Borrower's obligations to Lender now or hereafter in existence. Lender may, at its option, apply the Security Deposit to cure any default of Borrower, whereupon Borrower shall promptly restore such Security Deposit to its original amount. Lender shall return to Borrower any unapplied Security Deposit without interest upon full payment and performance of all of Borrower's obligations to Lender.

**18. PREJUDGMENT REMEDY WAIVER**. THE BORROWER ACKNOWLEDGES AND AGREES THAT THE TRANSACTION OF WHICH THIS AGREEMENT IS A PART IS A COMMERCIAL TRANSACTION AND NOT A CONSUMER TRANSACTION AND WAIVES ANY RIGHT TO A NOTICE AND HEARING UNDER CHAPTER 903a OF THE CONNECTICUT STATUTES, AS AMENDED, OR ANY OTHER STATUTE OR STATUTES IN CONNECTICUT OR OTHER JURISDICTIONS AFFECTING PREJUDGMENT REMEDIES. THE BORROWER AUTHORIZES THE LENDER'S COUNSEL TO ISSUE A WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER, PROVIDED THE COMPLAINT SHALL SET FORTH A COPY OF THIS WAIVER AND WAIVES ANY CLAIM IN TORT, CONTRACT OR OTHERWISE AGAINST LENDER'S COUNSEL WHICH MAY ARISE OUT OF SUCH ISSUANCE OF THE WRIT FOR A PREJUDGMENT REMEDY WITHOUT COURT ORDER. THE BORROWER ACKNOWLEDGES AND STIPULATES THAT THE WAIVERS AND AUTHORIZATIONS GRANTED HEREIN ARE MADE KNOWINGLY AND FREELY AFTER FULL CONSULTATION WITH COUNSEL. SPECIFICALLY, THE BORROWER RECOGNIZES AND UNDERSTANDS THAT THE EXCERCISE OF LENDER'S RIGHTS DESCRIBED ABOVE MAY RESULT IN THE ATTACHMENT OF OR LEVY AGAINST BORROWER'S PROPERTY, AND SUCH WRIT FOR A PREJUDGMENT REMEDY WILL NOT HAVE THE PRIOR WRITTEN APPROVAL OR SCRUTINY OF A COURT OF LAW OR OTHER

OFFICIAL OFFICER NOR WILL BORROWER HAVE THE RIGHT TO ANY NOTICE OR PRIOR HEARING WHERE BORROWER MIGHT CONTEST SUCH A PROCEDURE. THE INTENT OF BORROWER IS TO GRANT LENDER FOR GOOD AND VALUABLE CONSIDERATION THE RIGHT TO OBTAIN SUCH PREJUDGMENT REMEDY AND TO ASSURE THAT ANY SUCH PREJUDGMENT REMEDY IS VALID AND CONSTITUTIONAL.

**19. GENERAL PROVISIONS. THIS AGREEMENT AND ALL RELATED DOCUMENTS AND AGREEMENTS, INCLUDING BUT NOT LIMITED TO ALL SCHEDULES, RIDERS, AMENDMENTS AND SUPPLEMENTAL DOCUMENTS (COLLECTIVELY, "THE LOAN DOCUMENTS") AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HERETO SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CONNECTICUT.** BORROWER HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE COURTS OF THE STATE OF CONNECTICUT AND THE FEDERAL DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT IN CONNECTION WITH ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE LOAN DOCUMENTS, OR THE TRANSACTIONS CONTEMPLATED HEREBY. BORROWER WAIVES ANY OBJECTIONS BASED UPON VENUE OR "FORUM NON CONVENIENS" IN CONNECTION WITH ANY SUCH ACTION OR PROCEEDING. BORROWER CONSENTS THAT PROCESS IN ANY SUCH ACTION OR PROCEEDING MAY BE SERVED UPON IT BY REGISTERED MAIL DIRECTED TO BORROWER AT ITS ADDRESS SET FORTH AT THE HEAD OF THIS AGREEMENT OR IN ANY MANNER PERMITTED BY APPLICABLE LAW OR RULES OF COURT. BORROWER HEREBY IRREVOCABLY APPOINTS THE SECRETARY OF STATE OF CONNECTICUT AS ITS AGENT TO RECEIVE SERVICE OF PROCESS IN ANY SUCH ACTION OR PROCEEDING. The Loan Documents may not be changed, modified or discharged on behalf of Lender, in whole or part, and no right of Lender may be waived except by a writing signed by a duly authorized officer of Lender. The Lender is authorized and empowered to date the Loan Documents and to fill in blank spaces in accordance with the terms of the transaction, including, but not limited to inserting serial numbers and Equipment descriptions in any Schedule, the insertion of the Commencement Date in the Schedule and the assignment of an account number. Notices hereunder shall be in writing and shall be deemed given when personally delivered or when sent by facsimile to a party's facsimile number or three days after having been mailed to the other party at the address specified above or such new address as to which a party may advise the other. Forbearance or indulgence by Lender in any regard shall not constitute a waiver of the covenant or condition to be performed by Borrower to which the same may apply. Borrower hereby waives demand, presentment, dishonor, protest, and notice of protest, notice of dishonor, notice of nonpayment and any and all notices of like nature. The section captions are for convenience and are not a part of this Agreement. This Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Lender and shall bind all persons who become bound as debtor to this Master Loan and Security Agreement. If executed by more than one Borrower, then the obligations of each Borrower shall be joint and several. Any provision of the Loan Documents which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof. THE LOAN DOCUMENTS EXCLUSIVELY REPRESENT THE AGREEMENTS BETWEEN THE PARTIES AND THE INTENT OF THE PARTIES THERETO AND SUPERSEDE ANY PRIOR PROPOSAL LETTERS, COMMITMENT LETTERS, ORAL COVENANTS, ORAL AGREEMENTS OR NEGOTIATIONS. The Loan Documents shall not be binding

on Lender until accepted and executed on behalf of Lender at its Bridgeport, Connecticut office. Unless otherwise expressly provided, only one original of each of the Loan Documents shall be executed, which execution may be by separate counterparts which together shall constitute a single document. The parties agree that any copy of an executed Loan Document, including any photocopy, telecopy or facsimile thereof, shall have the same force and effect as though it were an original for all purposes, including but not limited to the enforcement of any of the terms and conditions thereof and the admissibility of such Loan Document in any legal or equitable proceeding, but except as provided below and in Section 16, such copy shall not be used to determine the original chattel paper. In the event that Borrower or any Guarantor provides Lender with a copy of any Loan Document, then Borrower and Guarantor agree to immediately thereafter provide Lender with the original. Borrower agrees that if Borrower delivers a copy but not the manually executed original of a Schedule to Lender, then Lender may execute, designate and mark such copy as the "Original" Schedule for purposes of determining the original chattel paper pursuant to Section 16 of this Agreement. Lender shall have no obligation to disburse the proceeds of any Loan if a material adverse change occurs in the financial condition or business operations of Borrower or Guarantor, if an Event of Default exists or would exist with the giving of notice and/or passage of time, or if any credit or documentation requirement remains outstanding.

| | The undersigned signatory affirms that he/she has read the terms and conditions printed above, that he/she is a duly authorized officer, partner, member, manager or proprietor of the Borrower, and has authority to execute this Master Loan and Security Agreement on its behalf. |
|---|---|
| Accepted at Lender's Office at 850 Main Street, BC-03, Bridgeport, CT 06604 | |
| LENDER: **PEOPLE'S CAPITAL AND LEASING CORP.** | BORROWER: **PAPPY'S TRUCKS, LTD.** |
| AUTHORIZED OFFICER: BY: _Melissa A Curtis_ TITLE: _Vice President_ Master Loan 2009 | AUTHORIZED OFFICER, PARTNER, MEMBER, MANAGER, OR PROPRIETOR: General Partner: REEDER INVESTMENTS, LLC BY: X _John Reeder_ TITLE: _Partner_ FEDERAL IDENTIFICATION NO.: ██████ |

# EXHIBIT B

## SCHEDULE TO MASTER LOAN AND SECURITY AGREEMENT

**SCHEDULE NO. 001 DATED FEBRUARY 24, 2017 TO MASTER LOAN AND SECURITY AGREEMENT NO. 4487 DATED FEBRUARY 24, 2017**

**Lender:**
PEOPLE'S CAPITAL AND LEASING CORP.
850 MAIN STREET, BC-03
BRIDGEPORT, CT 06604

**Borrower:**
PAPPY'S TRUCKS, LTD.
13851 SOUTH HIGHWAY 34
SCURRY, TX 75158

Lender and Borrower have entered into a Master Loan and Security Agreement No. 4487 dated FEBRUARY 24, 2017 (the "Master Loan Agreement') which is incorporated herein and this is a Schedule to the Master Loan Agreement. All terms used herein which are defined in the Master Loan Agreement and not otherwise specifically defined herein shall have the same meanings as set forth in the Master Loan Agreement.

    **1. THE LOAN AND LOAN REPAYMENT.** Pursuant to the Master Loan Agreement, Lender agrees to lend to Borrower the sum of Nine-Hundred and Eleven Thousand, Eight Hundred and Sixty-Six and 90/100 ($911,866.90) Dollars. Borrower agrees to repay the Loan in successive installments (which installment payments are inclusive of interest) as set forth in the following payment schedule:

**PAYMENT SCHEDULE**

| ADVANCE PAYMENT | NUMBER OF PERIODIC INSTALLMENT(exclusive of Advance Payment) PAYMENTS AND PAYMENT PERIOD | INSTALLMENT AMOUNT PER PERIODIC PAYMENT PERIOD |
|---|---|---|
| $ N/A | Seventy-two (72) Monthly | $ 14,529.57 |

Commencement Date: _____ Security Deposit (if any): _____
Equipment Location:  <u>13851 South Highway 34, Scurry, TX 75158</u>
Special Provisions: (if any):_____

    **2. EQUIPMENT AND SECURITY INTEREST.** As provided in the Master Loan Agreement, Borrower gives and grants to the Lender a security interest in the Equipment described in the attached Schedule A as security for its obligations under this Schedule and the Master Loan Agreement.

    **3. DISBURSEMENT OF PROCEEDS.** Borrower hereby authorizes Lender to disburse the Loan proceeds as follows:

        $865,740.00      To: Con-Tech Manufacturing, Inc.
       <u>$ 46,126.90</u>     To: Pappy's Trucks, Ltd. upon proof of payment of sales tax and licensing
       **$911,866.90**   **TOTAL PROCEEDS**

    **4. SEE PAYMENT ADJUSTMENT RIDER ATTACHED AND INCORPORATED BY REFERENCE.**

The Loan consisting of this Schedule (including the provisions of the Master Loan Agreement incorporated herein) and all riders and supplements to this Schedule constitutes a separate and distinct Loan from any other Schedule to the Master Loan Agreement. Unless otherwise expressly provided, only one original of this Schedule shall be executed and such original together with a copy of the Master Loan Agreement shall constitute the original loan chattel paper. By its execution and delivery of this Schedule, Borrower hereby reaffirms all of the warranties and representations contained in the Master Loan Agreement as of the date hereof and further warrants and represents to the Lender that no Event of Default has occurred and is continuing as of the date hereof. This Schedule shall not be in effect until accepted by Lender at its Bridgeport, CT office.

**ACCEPTED AT LENDER'S BRIDGEPORT, CT OFFICE**

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _Melissa O. Curtis_

TITLE: _Vice President_

**PAPPY'S TRUCKS, LTD.**
**General Partner: REED INVESTMENTS, LLC**

BY: X _John Reeder_

TITLE: _Partner_

1

**MASTER LOAN AND SECURITY AGREEMENT NO. 4487**
**SCHEDULE NO. 001**
**REVISED SCHEDULE A**

The following description of property supplements, and is part of Schedule No. 001 dated February 24, 2017 to the Master Loan and Security Agreement No. 4487 dated February 24, 2017 between Pappy's Trucks, Ltd. as Borrower and People's Capital and Leasing Corp. as Lender and may be attached to said Schedule and any related UCC Financing Statements, Acceptance or Delivery Certificate or other document describing the property:

**Equipment Location:   13851 South Highway 34, Scurry, TX 75158**

**Vendor:   Con-Tech Manufacturing, Inc.**

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|---|---|---|---|
| Five (5) | New Con-Tech Manufacturing, Inc. | 1NKZLP0X2JJ181360 | 110HZ1703706 |
| | Extreme Duty 11 Yard High | 1NKZLP0X4JJ181361 | 110HZ1703707 |
| | Performance Concrete Mixer Bodies | 1NKZLP0X8JJ181363 | 110HZ1703709 |
| | mounted on: | 1NKZLP0XXJJ183826 | 110HZ1703743 |
| | 2018 Kenworth Model T880 Trucks. | 1NKZLP0X1JJ183827 | 110HZ1703744. |

All property listed above together with all related software (embedded therein or otherwise), all parts, repairs, additions, attachments, replacements, replacement parts, accessions and accessories incorporated therein or affixed thereto, modifications and substitutions thereto and all proceeds thereof including insurance proceeds.

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: *Melissa A Curtis*

TITLE: *Vice President*

**PAPPY'S TRUCKS, LTD.**
**General Partner:  REED INVESTMENTS, LLC**

BY: X *John Reeder*

TITLE: *Partner*

2

# EXHIBIT C

## SCHEDULE TO MASTER LOAN AND SECURITY AGREEMENT

**SCHEDULE NO. 002 DATED MARCH 8, 2017 TO MASTER LOAN AND SECURITY AGREEMENT NO. 4487 DATED FEBRUARY 24, 2017**

**Lender:**
PEOPLE'S CAPITAL AND LEASING CORP.
850 MAIN STREET, BC-03
BRIDGEPORT, CT 06604

**Borrower:**
PAPPY'S TRUCKS, LTD.
13851 SOUTH HIGHWAY 34
SCURRY, TX 75158

Lender and Borrower have entered into a Master Loan and Security Agreement No. 4487 dated February 24, 2017 (the "Master Loan Agreement") which is incorporated herein and this is a Schedule to the Master Loan Agreement. All terms used herein which are defined in the Master Loan Agreement and not otherwise specifically defined herein shall have the same meanings as set forth in the Master Loan Agreement.

     **1. THE LOAN AND LOAN REPAYMENT.** Pursuant to the Master Loan Agreement, Lender agrees to lend to Borrower the sum of One Hundred and Eighty-One Thousand, Nine Hundred and Seventy-Three and 38/100 ($181,973.38) Dollars. Borrower agrees to repay the Loan in successive installments (which installment payments are inclusive of interest) as set forth in the following payment schedule:

### PAYMENT SCHEDULE

| ADVANCE PAYMENT | NUMBER OF PERIODIC INSTALLMENT(exclusive of Advance Payment) PAYMENTS AND PAYMENT PERIOD | INSTALLMENT AMOUNT PER PERIODIC PAYMENT PERIOD |
|---|---|---|
| $ N/A | Seventy-two (72) Monthly | $ 2,905.79 |

Payment Commencement Date: <u>April 24, 2017</u>  Security Deposit (if any): _____
Equipment Location: <u>13851 South Highway 34, Scurry, TX 75158</u>
Special Provisions: (if any):_____

     **2. EQUIPMENT AND SECURITY INTEREST.** As provided in the Master Loan Agreement, Borrower gives and grants to the Lender a security interest in the Equipment described in the attached Schedule A as security for its obligations under this Schedule and the Master Loan Agreement.

     **3. DISBURSEMENT OF PROCEEDS.** Borrower hereby authorizes Lender to disburse the Loan proceeds as follows:

| | |
|---|---|
| $172,748.00 | To: Con-Tech Manufacturing, Inc. |
| $  9,225.38 | To: Pappy's Trucks, Ltd. upon proof of payment of sales tax and licensing |
| **$181,973.38** | **TOTAL PROCEEDS** |

     **4. SEE PAYMENT ADJUSTMENT RIDER ATTACHED AND INCORPORATED BY REFERENCE.**

The Loan consisting of this Schedule (including the provisions of the Master Loan Agreement incorporated herein) and all riders and supplements to this Schedule constitutes a separate and distinct Loan from any other Schedule to the Master Loan Agreement. Unless otherwise expressly provided, only one original of this Schedule shall be executed and such original together with a copy of the Master Loan Agreement shall constitute the original loan chattel paper. By its execution and delivery of this Schedule, Borrower hereby reaffirms all of the warranties and representations contained in the Master Loan Agreement as of the date hereof and further warrants and represents to the Lender that no Event of Default has occurred and is continuing as of the date hereof. This Schedule shall not be in effect until accepted by Lender at its Bridgeport, CT office.

**ACCEPTED AT LENDER'S BRIDGEPORT, CT OFFICE**

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _Melissa A Curtis_

TITLE: _Vice President_

**PAPPY'S TRUCKS, LTD.**
By: **Reeder Investments, LLC, General Partner**

BY: X _John Reeder_
         John P. Reeder
TITLE: President/Manager

## MASTER LOAN AND SECURITY AGREEMENT NO. 4487
## SCHEDULE NO. 002
## SCHEDULE A

The following description of property supplements, and is part of Schedule No. 002 dated March 8, 2017 to the Master Loan and Security Agreement No. 4487 dated February 24, 2017 between Pappy's Trucks, Ltd. as Borrower and People's Capital and Leasing Corp. as Lender and may be attached to said Schedule and any related UCC Financing Statements, Acceptance or Delivery Certificate or other document describing the property:

**Equipment Location:   13851 South Highway 34, Scurry, TX 75158**

**Vendor:      Con-Tech Manufacturing, Inc.**

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|------|-------------|-----|------------|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0X6JJ181362 | 110HZ1703708 |

All property listed above together with all related software (embedded therein or otherwise), all parts, repairs, additions, attachments, replacements, replacement parts, accessions and accessories incorporated therein or affixed thereto, modifications and substitutions thereto and all proceeds thereof including insurance proceeds.

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _(signature)_
TITLE: _Vice President_

**PAPPY'S TRUCKS, LTD.**
**By:  Reeder Investments, LLC, General Partner**

BY: **X** _(signature)_
     John P. Reeder
TITLE:  President/Manager

# EXHIBIT D

## SCHEDULE TO MASTER LOAN AND SECURITY AGREEMENT

**SCHEDULE NO. 003 DATED MARCH 8, 2017 TO MASTER LOAN AND SECURITY AGREEMENT NO. 4487 DATED FEBRUARY 24, 2017**

**Lender:**
PEOPLE'S CAPITAL AND LEASING CORP.
850 MAIN STREET, BC-03
BRIDGEPORT, CT 06604

**Borrower:**
PAPPY'S TRUCKS, LTD.
13851 SOUTH HIGHWAY 34
SCURRY, TX 75158

Lender and Borrower have entered into a Master Loan and Security Agreement No. 4487 dated February 24, 2017 (the "Master Loan Agreement') which is incorporated herein and this is a Schedule to the Master Loan Agreement.   All terms used herein which are defined in the Master Loan Agreement and not otherwise specifically defined herein shall have the same meanings as set forth in the Master Loan Agreement.

   **1.  THE LOAN AND LOAN REPAYMENT**.  Pursuant to the Master Loan Agreement, Lender agrees to lend to Borrower the sum of One Hundred and Eighty-One Thousand, Nine Hundred and Seventy-Three and 38/100 ($181,973.38) Dollars.  Borrower agrees to repay the Loan in successive installments (which installment payments are inclusive of interest) as set forth in the following payment schedule:

### PAYMENT SCHEDULE

| ADVANCE PAYMENT | NUMBER OF PERIODIC INSTALLMENT(exclusive of Advance Payment) PAYMENTS AND PAYMENT PERIOD | INSTALLMENT AMOUNT PER PERIODIC PAYMENT PERIOD |
|---|---|---|
| $ N/A | Seventy-two (72) Monthly | $ 2,906.16 |

Payment Commencement Date:  <u>April 25, 2017</u>   Security Deposit (if any): _____
Equipment Location:   <u>13851 South Highway 34, Scurry, TX 75158</u>
Special Provisions: (if any):_____

   **2.  EQUIPMENT AND SECURITY INTEREST**.  As provided in the Master Loan Agreement, Borrower gives and grants to the Lender a security interest in the Equipment described in the attached Schedule A as security for its obligations under this Schedule and the Master Loan Agreement.

   **3. DISBURSEMENT OF PROCEEDS.**  Borrower hereby authorizes Lender to disburse the Loan proceeds as follows:

| | |
|---|---|
| $172,748.00 | To:  Con-Tech Manufacturing, Inc. |
| <u>$   9,225.38</u> | To:  Pappy's Trucks, Ltd. upon proof of payment of sales tax and licensing |
| **$181,973.38** | **TOTAL PROCEEDS** |

   **4.  SEE PAYMENT ADJUSTMENT RIDER ATTACHED AND INCORPORATED BY REFERENCE.**

The Loan consisting of this Schedule (including the provisions of the Master Loan Agreement incorporated herein) and all riders and supplements to this Schedule constitutes a separate and distinct Loan from any other Schedule to the Master Loan Agreement.  Unless otherwise expressly provided, only one original of this Schedule shall be executed and such original together with a copy of the Master Loan Agreement shall constitute the original loan chattel paper. By its execution and delivery of this Schedule, Borrower hereby reaffirms all of the warranties and representations contained in the Master Loan Agreement as of the date hereof and further warrants and represents to the Lender that no Event of Default has occurred and is continuing as of the date hereof.  This Schedule shall not be in effect until accepted by Lender at its Bridgeport, CT office.

**ACCEPTED AT LENDER'S BRIDGEPORT, CT OFFICE**

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _Melissa A Curtis_

TITLE: _Vice President_

**PAPPY'S TRUCKS, LTD.**
**By:  Reeder Investments, LLC, General Partner**

BY: X  _John Reeder_
John P. Reeder
TITLE:  President/Manager

## MASTER LOAN AND SECURITY AGREEMENT NO. 4487
## SCHEDULE NO. 003
## SCHEDULE A

The following description of property supplements, and is part of Schedule No. 003 dated March 8, 2017 to the Master Loan and Security Agreement No. 4487 dated February 24, 2017 between Pappy's Trucks, Ltd. as Borrower and People's Capital and Leasing Corp. as Lender and may be attached to said Schedule and any related UCC Financing Statements, Acceptance or Delivery Certificate or other document describing the property:

**Equipment Location:   13851 South Highway 34, Scurry, TX 75158**

**Vendor:       Con-Tech Manufacturing, Inc.**

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|------|-------------|-----|------------|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0X8JJ183825 | 110HZ1703742 |

All property listed above together with all related software (embedded therein or otherwise), all parts, repairs, additions, attachments, replacements, replacement parts, accessions and accessories incorporated therein or affixed thereto, modifications and substitutions thereto and all proceeds thereof including insurance proceeds.

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _Mónica Cintra_

TITLE: _Vice President_

**PAPPY'S TRUCKS, LTD.**
**By:  Reeder Investments, LLC, General Partner**

BY: **X** _John Reeder_
      John P. Reeder
TITLE:  President/Manager

# EXHIBIT E

### SCHEDULE TO MASTER LOAN AND SECURITY AGREEMENT

**SCHEDULE NO. 004 DATED MARCH 10, 2017 TO MASTER LOAN AND SECURITY AGREEMENT NO. 4487 DATED FEBRUARY 24, 2017**

**Lender:**
PEOPLE'S CAPITAL AND LEASING CORP.
850 MAIN STREET, BC-03
BRIDGEPORT, CT 06604

**Borrower:**
PAPPY'S TRUCKS, LTD.
13851 SOUTH HIGHWAY 34
SCURRY, TX 75158

Lender and Borrower have entered into a Master Loan and Security Agreement No. 4487 dated February 24, 2017 (the "Master Loan Agreement') which is incorporated herein and this is a Schedule to the Master Loan Agreement. All terms used herein which are defined in the Master Loan Agreement and not otherwise specifically defined herein shall have the same meanings as set forth in the Master Loan Agreement.

**1. THE LOAN AND LOAN REPAYMENT.** Pursuant to the Master Loan Agreement, Lender agrees to lend to Borrower the sum of One Hundred and Eighty-One Thousand, Nine Hundred and Seventy-Three and 38/100 ($181,973.38) Dollars. Borrower agrees to repay the Loan in successive installments (which installment payments are inclusive of interest) as set forth in the following payment schedule:

#### PAYMENT SCHEDULE

| ADVANCE PAYMENT | NUMBER OF PERIODIC INSTALLMENT(exclusive of Advance Payment) PAYMENTS AND PAYMENT PERIOD | INSTALLMENT AMOUNT PER PERIODIC PAYMENT PERIOD |
|---|---|---|
| $ N/A | Seventy-two (72) Monthly | $ 2,921.19 |

Payment Commencement Date: <u>April 26, 2017</u> Security Deposit (if any): _____
Equipment Location: <u>13851 South Highway 34, Scurry, TX 75158</u>
Special Provisions: (if any):_____

**2. EQUIPMENT AND SECURITY INTEREST.** As provided in the Master Loan Agreement, Borrower gives and grants to the Lender a security interest in the Equipment described in the attached Schedule A as security for its obligations under this Schedule and the Master Loan Agreement.

**3. DISBURSEMENT OF PROCEEDS.** Borrower hereby authorizes Lender to disburse the Loan proceeds as follows:

| | |
|---|---|
| $172,748.00 | To: Con-Tech Manufacturing, Inc. |
| $ 9,225.38 | To: Pappy's Trucks, Ltd. upon proof of payment of sales tax and licensing |
| **$181,973.38** | **TOTAL PROCEEDS** |

**4. SEE PAYMENT ADJUSTMENT RIDER ATTACHED AND INCORPORATED BY REFERENCE.**

The Loan consisting of this Schedule (including the provisions of the Master Loan Agreement incorporated herein) and all riders and supplements to this Schedule constitutes a separate and distinct Loan from any other Schedule to the Master Loan Agreement. Unless otherwise expressly provided, only one original of this Schedule shall be executed and such original together with a copy of the Master Loan Agreement shall constitute the original loan chattel paper. By its execution and delivery of this Schedule, Borrower hereby reaffirms all of the warranties and representations contained in the Master Loan Agreement as of the date hereof and further warrants and represents to the Lender that no Event of Default has occurred and is continuing as of the date hereof. This Schedule shall not be in effect until accepted by Lender at its Bridgeport, CT office.

**ACCEPTED AT LENDER'S BRIDGEPORT, CT OFFICE**

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: *signature*

TITLE: *Vice President*

**PAPPY'S TRUCKS, LTD.**
**By: Reeder Investments, LLC, General Partner**

BY: X *John Reeder*
    John P. Reeder
TITLE: President/Manager

1

## MASTER LOAN AND SECURITY AGREEMENT NO. 4487
## SCHEDULE NO. 004
## SCHEDULE A

The following description of property supplements, and is part of Schedule No. 004 dated March 10, 2017 to the Master Loan and Security Agreement No. 4487 dated February 24, 2017 between Pappy's Trucks, Ltd. as Borrower and People's Capital and Leasing Corp. as Lender and may be attached to said Schedule and any related UCC Financing Statements, Acceptance or Delivery Certificate or other document describing the property:

**Equipment Location:** **13851 South Highway 34, Scurry, TX 75158**

**Vendor:** **Con-Tech Manufacturing, Inc.**

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|------|-------------|-----|------------|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0XXJJ181364 | 110HZ1703710 |

All property listed above together with all related software (embedded therein or otherwise), all parts, repairs, additions, attachments, replacements, replacement parts, accessions and accessories incorporated therein or affixed thereto, modifications and substitutions thereto and all proceeds thereof including insurance proceeds.

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _(signature)_

TITLE: _(signature)_

**PAPPY'S TRUCKS, LTD.**
**By: Reeder Investments, LLC, General Partner**

BY: **X** _(signature)_
          John P. Reeder
TITLE: President/Manager

1

# EXHIBIT F

## SCHEDULE TO MASTER LOAN AND SECURITY AGREEMENT

**SCHEDULE NO. 005 DATED MARCH 10, 2017 TO MASTER LOAN AND SECURITY AGREEMENT NO. 4487 DATED FEBRUARY 24, 2017**

**Lender:**
PEOPLE'S CAPITAL AND LEASING CORP.
850 MAIN STREET, BC-03
BRIDGEPORT, CT 06604

**Borrower:**
PAPPY'S TRUCKS, LTD.
13851 SOUTH HIGHWAY 34
SCURRY, TX 75158

Lender and Borrower have entered into a Master Loan and Security Agreement No. 4487 dated February 24, 2017 (the "Master Loan Agreement') which is incorporated herein and this is a Schedule to the Master Loan Agreement. All terms used herein which are defined in the Master Loan Agreement and not otherwise specifically defined herein shall have the same meanings as set forth in the Master Loan Agreement.

    **1. THE LOAN AND LOAN REPAYMENT.** Pursuant to the Master Loan Agreement, Lender agrees to lend to Borrower the sum of One Hundred and Eighty-One Thousand, Nine Hundred and Seventy-Three and 38/100 ($181,973.38) Dollars. Borrower agrees to repay the Loan in successive installments (which installment payments are inclusive of interest) as set forth in the following payment schedule:

**PAYMENT SCHEDULE**

| ADVANCE PAYMENT | NUMBER OF PERIODIC INSTALLMENT(exclusive of Advance Payment) PAYMENTS AND PAYMENT PERIOD | INSTALLMENT AMOUNT PER PERIODIC PAYMENT PERIOD |
|---|---|---|
| $ N/A | Seventy-two (72) Monthly | $ 2,921.57 |

Payment Commencement Date: <u>April 27, 2017</u>   Security Deposit (if any): _____
Equipment Location:   <u>13851 South Highway 34, Scurry, TX 75158</u>
Special Provisions: (if any):_____

    **2. EQUIPMENT AND SECURITY INTEREST.** As provided in the Master Loan Agreement, Borrower gives and grants to the Lender a security interest in the Equipment described in the attached Schedule A as security for its obligations under this Schedule and the Master Loan Agreement.

    **3. DISBURSEMENT OF PROCEEDS.** Borrower hereby authorizes Lender to disburse the Loan proceeds as follows:

| | | |
|---|---|---|
| $172,748.00 | To: Con-Tech Manufacturing, Inc. | |
| $  9,225.38 | To: Pappy's Trucks, Ltd. upon proof of payment of sales tax and licensing | |
| $181,973.38 | **TOTAL PROCEEDS** | |

    **4. SEE PAYMENT ADJUSTMENT RIDER ATTACHED AND INCORPORATED BY REFERENCE.**

The Loan consisting of this Schedule (including the provisions of the Master Loan Agreement incorporated herein) and all riders and supplements to this Schedule constitutes a separate and distinct Loan from any other Schedule to the Master Loan Agreement. Unless otherwise expressly provided, only one original of this Schedule shall be executed and such original together with a copy of the Master Loan Agreement shall constitute the original loan chattel paper. By its execution and delivery of this Schedule, Borrower hereby reaffirms all of the warranties and representations contained in the Master Loan Agreement as of the date hereof and further warrants and represents to the Lender that no Event of Default has occurred and is continuing as of the date hereof. This Schedule shall not be in effect until accepted by Lender at its Bridgeport, CT office.

**ACCEPTED AT LENDER'S BRIDGEPORT, CT OFFICE**

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _Melissa A Curtis_

TITLE: _Vice President_

**PAPPY'S TRUCKS, LTD.**
**By: Reeder Investments, LLC, General Partner**

BY: X _John Reeder_
     John P. Reeder
TITLE: President/Manager

**MASTER LOAN AND SECURITY AGREEMENT NO. 4487**
**SCHEDULE NO. 005**
**SCHEDULE A**

The following description of property supplements, and is part of Schedule No. 005 dated March 10, 2017 to the Master Loan and Security Agreement No. 4487 dated February 24, 2017 between Pappy's Trucks, Ltd. as Borrower and People's Capital and Leasing Corp. as Lender and may be attached to said Schedule and any related UCC Financing Statements, Acceptance or Delivery Certificate or other document describing the property:

**Equipment Location: 13851 South Highway 34, Scurry, TX 75158**

**Vendor: Con-Tech Manufacturing, Inc.**

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|---|---|---|---|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0X4JJ183823 | 110HZ1703740 |

All property listed above together with all related software (embedded therein or otherwise), all parts, repairs, additions, attachments, replacements, replacement parts, accessions and accessories incorporated therein or affixed thereto, modifications and substitutions thereto and all proceeds thereof including insurance proceeds.

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _melissa a curto_

TITLE: _Vice President_

**PAPPY'S TRUCKS, LTD.**
**By: Reeder Investments, LLC, General Partner**

BY: X _John Reeder_
　　　John P. Reeder
TITLE: President/Manager

# EXHIBIT G

## SCHEDULE TO MASTER LOAN AND SECURITY AGREEMENT

**SCHEDULE NO. 006 DATED MARCH 10, 2017 TO MASTER LOAN AND SECURITY AGREEMENT NO. 4487 DATED FEBRUARY 24, 2017**

**Lender:**
PEOPLE'S CAPITAL AND LEASING CORP.
850 MAIN STREET, BC-03
BRIDGEPORT, CT 06604

**Borrower:**
PAPPY'S TRUCKS, LTD.
13851 SOUTH HIGHWAY 34
SCURRY, TX 75158

Lender and Borrower have entered into a Master Loan and Security Agreement No. 4487 dated February 24, 2017 (the "Master Loan Agreement') which is incorporated herein and this is a Schedule to the Master Loan Agreement. All terms used herein which are defined in the Master Loan Agreement and not otherwise specifically defined herein shall have the same meanings as set forth in the Master Loan Agreement.

    **1. THE LOAN AND LOAN REPAYMENT.** Pursuant to the Master Loan Agreement, Lender agrees to lend to Borrower the sum of One Hundred and Eighty-One Thousand, Nine Hundred and Seventy-Three and 38/100 ($181,973.38) Dollars. Borrower agrees to repay the Loan in successive installments (which installment payments are inclusive of interest) as set forth in the following payment schedule:

**PAYMENT SCHEDULE**

| ADVANCE PAYMENT | NUMBER OF PERIODIC INSTALLMENT(exclusive of Advance Payment) PAYMENTS AND PAYMENT PERIOD | INSTALLMENT AMOUNT PER PERIODIC PAYMENT PERIOD |
|---|---|---|
| $ N/A | Seventy-two (72) Monthly | $ 2,921.96 |

Payment Commencement Date: <u>April 28, 2017</u> Security Deposit (if any): _____
Equipment Location: <u>13851 South Highway 34, Scurry, TX 75158</u>
Special Provisions: (if any):_____

    **2. EQUIPMENT AND SECURITY INTEREST.** As provided in the Master Loan Agreement, Borrower gives and grants to the Lender a security interest in the Equipment described in the attached Schedule A as security for its obligations under this Schedule and the Master Loan Agreement.

    **3. DISBURSEMENT OF PROCEEDS.** Borrower hereby authorizes Lender to disburse the Loan proceeds as follows:

| | | |
|---|---|---|
| $172,748.00 | To: Con-Tech Manufacturing, Inc. | |
| $ 9,225.38 | To: Pappy's Trucks, Ltd. upon proof of payment of sales tax and licensing | |
| **$181,973.38** | **TOTAL PROCEEDS** | |

**4. SEE PAYMENT ADJUSTMENT RIDER ATTACHED AND INCORPORATED BY REFERENCE.**

The Loan consisting of this Schedule (including the provisions of the Master Loan Agreement incorporated herein) and all riders and supplements to this Schedule constitutes a separate and distinct Loan from any other Schedule to the Master Loan Agreement. Unless otherwise expressly provided, only one original of this Schedule shall be executed and such original together with a copy of the Master Loan Agreement shall constitute the original loan chattel paper. By its execution and delivery of this Schedule, Borrower hereby reaffirms all of the warranties and representations contained in the Master Loan Agreement as of the date hereof and further warrants and represents to the Lender that no Event of Default has occurred and is continuing as of the date hereof. This Schedule shall not be in effect until accepted by Lender at its Bridgeport, CT office.

**ACCEPTED AT LENDER'S BRIDGEPORT, CT OFFICE**

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _M. Donald Curtis_

TITLE: _Vice President_

**PAPPY'S TRUCKS, LTD.**
**By: Reeder Investments, LLC, General Partner**

BY: X _John Reeder_
       John P. Reeder
TITLE: President/Manager

1

**MASTER LOAN AND SECURITY AGREEMENT NO. 4487**
**SCHEDULE NO. 006**
**SCHEDULE A**

The following description of property supplements, and is part of Schedule No. 006 dated March 10, 2017 to the Master Loan and Security Agreement No. 4487 dated February 24, 2017 between Pappy's Trucks, Ltd. as Borrower and People's Capital and Leasing Corp. as Lender and may be attached to said Schedule and any related UCC Financing Statements, Acceptance or Delivery Certificate or other document describing the property:

**Equipment Location:  13851 South Highway 34, Scurry, TX 75158**

**Vendor:      Con-Tech Manufacturing, Inc.**

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|------|-------------|-----|------------|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0X6JJ183824 | 110HZ1703741 |

All property listed above together with all related software (embedded therein or otherwise), all parts, repairs, additions, attachments, replacements, replacement parts, accessions and accessories incorporated therein or affixed thereto, modifications and substitutions thereto and all proceeds thereof including insurance proceeds.

**PEOPLE'S CAPITAL AND LEASING CORP.**

BY: _Monica Curtis_

TITLE: _Vice President_

**PAPPY'S TRUCKS, LTD.**
**By:  Reeder Investments, LLC, General Partner**

BY: X _John Reeder_
        John P. Reeder
TITLE:  President/Manager

# EXHIBIT H

## <u>REVISED</u> DELIVERY CERTIFICATE

**MASTER LOAN AND SECURITY AGREEMENT NO.: 4487**       **DATED: FEBRUARY 24, 2017**
**SCHEDULE NO.  001**       **DATED: FEBRUARY 24, 2017**

TO:    PEOPLE'S CAPITAL AND LEASING CORP.

The undersigned Borrower hereby acknowledges that all of the Equipment described below and in the Schedule to the Master Loan and Security Agreement referred to above (collectively, including any prior amendments and related documents, the "Loan Agreement") has been delivered to Borrower, is of the manufacture, design and specifications selected by Borrower, is suitable for Borrower's purposes, fully complies with said Loan Agreement and has been unconditionally accepted by Borrower thereunder.

Borrower hereby represents to People's Capital and Leasing Corp. ("PCLC") and any assignee that the Loan Agreement at the date hereof is free from any defense, off-set or counterclaim and hereby waives, as to any assignee, all such defenses, off-sets and counterclaims.

Equipment Description:

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|---|---|---|---|
| Five (5) | New Con-Tech Manufacturing, Inc. | 1NKZLP0X2JJ181360 | 110HZ1703706 |
| | Extreme Duty 11 Yard High | 1NKZLP0X4JJ181361 | 110HZ1703707 |
| | Performance Concrete Mixer Bodies | 1NKZLP0X8JJ181363 | 110HZ1703709 |
| | mounted on: | 1NKZLP0XXJJ183826 | 110HZ1703743 |
| | 2018 Kenworth Model T880 Trucks. | 1NKZLP0X1JJ183827 | 110HZ1703744. |

PAPPY'S TRUCKS, LTD.
General Partner:  REED INVESTMENTS, LLC

BY: *X* ___John Reeder___

TITLE: ___Partner___

ACCEPTANCE DATE: _____

3

**DELIVERY CERTIFICATE**

**MASTER LOAN AND SECURITY AGREEMENT NO.: 4487**      **DATED: FEBRUARY 24, 2017**
**SCHEDULE NO. 002**      **DATED: MARCH 8, 2017**

TO:     PEOPLE'S CAPITAL AND LEASING CORP.

The undersigned Borrower hereby acknowledges that all of the Equipment described below and in the Schedule to the Master Loan and Security Agreement referred to above (collectively, including any prior amendments and related documents, the "Loan Agreement") has been delivered to Borrower, is of the manufacture, design and specifications selected by Borrower, is suitable for Borrower's purposes, fully complies with said Loan Agreement and has been unconditionally accepted by Borrower thereunder.

Borrower hereby represents to People's Capital and Leasing Corp. ("PCLC") and any assignee that the Loan Agreement at the date hereof is free from any defense, off-set or counterclaim and hereby waives, as to any assignee, all such defenses, off-sets and counterclaims.

Equipment Description:

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|------|-------------|-----|-----------|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0X6JJ181362 | 110HZ1703708 |

Borrower requests PCLC to disburse the portion of the proceeds of the Loan Agreement due to the vendor of the Equipment when all of PCLC's loan conditions are met. Borrower agrees that the Loan Agreement will commence automatically upon PCLC's first disbursement of funds and that no further authorization from Borrower will be required prior to such disbursement. The balance of the Loan proceeds will be disbursed to reimburse Borrower for sales tax and licensing for the Equipment upon PCLC's receipt of proof that Borrower has disbursed such amounts. The due date of the first payment under the Loan Agreement (excluding any advance payment) will be as set forth in the Loan Agreement or as otherwise directed by Borrower. The amount of the monthly payments due under the Loan Agreement will be adjusted as provided in the Payment Adjustment Rider if applicable.

In order to lock-in the payments under and commence the Loan, Borrower agrees that its obligations to pay the full payments under the Loan Agreement and abide by its other obligations when due are absolute and unconditional notwithstanding that Borrower has not yet picked up the Equipment from the vendor and a portion of the proceeds of the Loan will not disbursed at loan commencement as indicated above. Borrower agrees that (i) it shall look solely to the vendor of the Equipment for the condition and operation and condition of the Equipment, (ii) PCLC has made no express or implied warranty of any kind with respect to the Equipment or its delivery and installation; and (iii) as between PCLC and Borrower, the Equipment has been accepted on an "AS-IS" "WHERE-IS" basis. If not previously inserted, Borrower authorizes PCLC to insert the initial funding date as the Equipment Acceptance Date below.

               **PAPPY'S TRUCKS, LTD.**
               By: **Reeder Investments, LLC, General Partner**

BY: **X** _John Reeder_
                     John P. Reeder
         TITLE:    President/Manager

**ACCEPTANCE DATE:** _____

## DELIVERY CERTIFICATE

**MASTER LOAN AND SECURITY AGREEMENT NO.: 4487**       **DATED: FEBRUARY 24, 2017**
**SCHEDULE NO. 003**                                      **DATED: MARCH 8, 2017**

TO:      PEOPLE'S CAPITAL AND LEASING CORP.

The undersigned Borrower hereby acknowledges that all of the Equipment described below and in the Schedule to the Master Loan and Security Agreement referred to above (collectively, including any prior amendments and related documents, the "Loan Agreement") has been delivered to Borrower, is of the manufacture, design and specifications selected by Borrower, is suitable for Borrower's purposes, fully complies with said Loan Agreement and has been unconditionally accepted by Borrower thereunder.

Borrower hereby represents to People's Capital and Leasing Corp. ("PCLC") and any assignee that the Loan Agreement at the date hereof is free from any defense, off-set or counterclaim and hereby waives, as to any assignee, all such defenses, off-sets and counterclaims.

Equipment Description:

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|---|---|---|---|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0X8JJ183825 | 110HZ1703742 |

Borrower requests PCLC to disburse the portion of the proceeds of the Loan Agreement due to the vendor of the Equipment when all of PCLC's loan conditions are met. Borrower agrees that the Loan Agreement will commence automatically upon PCLC's first disbursement of funds and that no further authorization from Borrower will be required prior to such disbursement. The balance of the Loan proceeds will be disbursed to reimburse Borrower for sales tax and licensing for the Equipment upon PCLC's receipt of proof that Borrower has disbursed such amounts. The due date of the first payment under the Loan Agreement (excluding any advance payment) will be as set forth in the Loan Agreement or as otherwise directed by Borrower. The amount of the monthly payments due under the Loan Agreement will be adjusted as provided in the Payment Adjustment Rider if applicable.

In order to lock-in the payments under and commence the Loan, Borrower agrees that its obligations to pay the full payments under the Loan Agreement and abide by its other obligations when due are absolute and unconditional notwithstanding that Borrower has not yet picked up the Equipment from the vendor and a portion of the proceeds of the Loan will not disbursed at loan commencement as indicated above. Borrower agrees that (i) it shall look solely to the vendor of the Equipment for the condition and operation and condition of the Equipment, (ii) PCLC has made no express or implied warranty of any kind with respect to the Equipment or its delivery and installation; and (iii) as between PCLC and Borrower, the Equipment has been accepted on an "AS-IS" "WHERE-IS" basis. If not previously inserted, Borrower authorizes PCLC to insert the initial funding date as the Equipment Acceptance Date below.

**PAPPY'S TRUCKS, LTD.**
By: **Reeder Investments, LLC, General Partner**

BY: **X** _John Reeder_
             John P. Reeder
TITLE:    President/Manager

**ACCEPTANCE DATE:** _____

**DELIVERY CERTIFICATE**

| | |
|---|---|
| **MASTER LOAN AND SECURITY AGREEMENT NO.: 4487** | **DATED: FEBRUARY 24, 2017** |
| **SCHEDULE NO. 004** | **DATED: MARCH 10, 2017** |

TO:     PEOPLE'S CAPITAL AND LEASING CORP.

The undersigned Borrower hereby acknowledges that all of the Equipment described below and in the Schedule to the Master Loan and Security Agreement referred to above (collectively, including any prior amendments and related documents, the "Loan Agreement") has been delivered to Borrower, is of the manufacture, design and specifications selected by Borrower, is suitable for Borrower's purposes, fully complies with said Loan Agreement and has been unconditionally accepted by Borrower thereunder.

Borrower hereby represents to People's Capital and Leasing Corp. ("PCLC") and any assignee that the Loan Agreement at the date hereof is free from any defense, off-set or counterclaim and hereby waives, as to any assignee, all such defenses, off-sets and counterclaims.

Equipment Description:

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|---|---|---|---|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0XXJJ181364 | 110HZ1703710 |

Borrower requests PCLC to disburse the portion of the proceeds of the Loan Agreement due to the vendor of the Equipment when all of PCLC's loan conditions are met. Borrower agrees that the Loan Agreement will commence automatically upon PCLC's first disbursement of funds and that no further authorization from Borrower will be required prior to such disbursement. The balance of the Loan proceeds will be disbursed to reimburse Borrower for sales tax and licensing for the Equipment upon PCLC's receipt of proof that Borrower has disbursed such amounts. The due date of the first payment under the Loan Agreement (excluding any advance payment) will be as set forth in the Loan Agreement or as otherwise directed by Borrower. The amount of the monthly payments due under the Loan Agreement will be adjusted as provided in the Payment Adjustment Rider if applicable.

In order to lock-in the payments under and commence the Loan, Borrower agrees that its obligations to pay the full payments under the Loan Agreement and abide by its other obligations when due are absolute and unconditional notwithstanding that Borrower has not yet picked up the Equipment from the vendor and a portion of the proceeds of the Loan will not disbursed at loan commencement as indicated above. Borrower agrees that (i) it shall look solely to the vendor of the Equipment for the condition and operation and condition of the Equipment, (ii) PCLC has made no express or implied warranty of any kind with respect to the Equipment or its delivery and installation; and (iii) as between PCLC and Borrower, the Equipment has been accepted on an "AS-IS" "WHERE-IS" basis. If not previously inserted, Borrower authorizes PCLC to insert the initial funding date as the Equipment Acceptance Date below.

**PAPPY'S TRUCKS, LTD.**
By: **Reeder Investments, LLC, General Partner**

BY: **X** _John Reeder_
         John P. Reeder
TITLE:     President/Manager

ACCEPTANCE DATE: _____

1

**DELIVERY CERTIFICATE**

**MASTER LOAN AND SECURITY AGREEMENT NO.: 4487**
**SCHEDULE NO. 005**

**DATED: FEBRUARY 24, 2017**
**DATED: MARCH 10, 2017**

TO:     PEOPLE'S CAPITAL AND LEASING CORP.

The undersigned Borrower hereby acknowledges that all of the Equipment described below and in the Schedule to the Master Loan and Security Agreement referred to above (collectively, including any prior amendments and related documents, the "Loan Agreement") has been delivered to Borrower, is of the manufacture, design and specifications selected by Borrower, is suitable for Borrower's purposes, fully complies with said Loan Agreement and has been unconditionally accepted by Borrower thereunder.

Borrower hereby represents to People's Capital and Leasing Corp. ("PCLC") and any assignee that the Loan Agreement at the date hereof is free from any defense, off-set or counterclaim and hereby waives, as to any assignee, all such defenses, off-sets and counterclaims.

Equipment Description:

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|---|---|---|---|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0X4JJ183823 | 110HZ1703740 |

Borrower requests PCLC to disburse the portion of the proceeds of the Loan Agreement due to the vendor of the Equipment when all of PCLC's loan conditions are met. Borrower agrees that the Loan Agreement will commence automatically upon PCLC's first disbursement of funds and that no further authorization from Borrower will be required prior to such disbursement. The balance of the Loan proceeds will be disbursed to reimburse Borrower for sales tax and licensing for the Equipment upon PCLC's receipt of proof that Borrower has disbursed such amounts. The due date of the first payment under the Loan Agreement (excluding any advance payment) will be as set forth in the Loan Agreement or as otherwise directed by Borrower. The amount of the monthly payments due under the Loan Agreement will be adjusted as provided in the Payment Adjustment Rider if applicable.

In order to lock-in the payments under and commence the Loan, Borrower agrees that its obligations to pay the full payments under the Loan Agreement and abide by its other obligations when due are absolute and unconditional notwithstanding that Borrower has not yet picked up the Equipment from the vendor and a portion of the proceeds of the Loan will not disbursed at loan commencement as indicated above. Borrower agrees that (i) it shall look solely to the vendor of the Equipment for the condition and operation and condition of the Equipment, (ii) PCLC has made no express or implied warranty of any kind with respect to the Equipment or its delivery and installation; and (iii) as between PCLC and Borrower, the Equipment has been accepted on an "AS-IS" "WHERE-IS" basis. If not previously inserted, Borrower authorizes PCLC to insert the initial funding date as the Equipment Acceptance Date below.

**PAPPY'S TRUCKS, LTD.**
By:  **Reeder Investments, LLC, General Partner**

BY: **X** _John Reeder_____
                John P. Reeder
TITLE:     President/Manager

**ACCEPTANCE DATE:** _____

1

## DELIVERY CERTIFICATE

**MASTER LOAN AND SECURITY AGREEMENT NO.: 4487**
**SCHEDULE NO. 006**

**DATED: FEBRUARY 24, 2017**
**DATED: MARCH 10, 2017**

TO:    PEOPLE'S CAPITAL AND LEASING CORP.

The undersigned Borrower hereby acknowledges that all of the Equipment described below and in the Schedule to the Master Loan and Security Agreement referred to above (collectively, including any prior amendments and related documents, the "Loan Agreement") has been delivered to Borrower, is of the manufacture, design and specifications selected by Borrower, is suitable for Borrower's purposes, fully complies with said Loan Agreement and has been unconditionally accepted by Borrower thereunder.

Borrower hereby represents to People's Capital and Leasing Corp. ("PCLC") and any assignee that the Loan Agreement at the date hereof is free from any defense, off-set or counterclaim and hereby waives, as to any assignee, all such defenses, off-sets and counterclaims.

Equipment Description:

| QTY. | DESCRIPTION | VIN | SERIAL NO. |
|---|---|---|---|
| One (1) | New Con-Tech Manufacturing, Inc. Extreme Duty 11 Yard High Performance Concrete Mixer Body mounted on: 2018 Kenworth Model T880 Truck. | 1NKZLP0X6JJ183824 | 110HZ1703741 |

Borrower requests PCLC to disburse the portion of the proceeds of the Loan Agreement due to the vendor of the Equipment when all of PCLC's loan conditions are met. Borrower agrees that the Loan Agreement will commence automatically upon PCLC's first disbursement of funds and that no further authorization from Borrower will be required prior to such disbursement. The balance of the Loan proceeds will be disbursed to reimburse Borrower for sales tax and licensing for the Equipment upon PCLC's receipt of proof that Borrower has disbursed such amounts. The due date of the first payment under the Loan Agreement (excluding any advance payment) will be as set forth in the Loan Agreement or as otherwise directed by Borrower. The amount of the monthly payments due under the Loan Agreement will be adjusted as provided in the Payment Adjustment Rider if applicable.

In order to lock-in the payments under and commence the Loan, Borrower agrees that its obligations to pay the full payments under the Loan Agreement and abide by its other obligations when due are absolute and unconditional notwithstanding that Borrower has not yet picked up the Equipment from the vendor and a portion of the proceeds of the Loan will not disbursed at loan commencement as indicated above. Borrower agrees that (i) it shall look solely to the vendor of the Equipment for the condition and operation and condition of the Equipment, (ii) PCLC has made no express or implied warranty of any kind with respect to the Equipment or its delivery and installation; and (iii) as between PCLC and Borrower, the Equipment has been accepted on an "AS-IS" "WHERE-IS" basis. If not previously inserted, Borrower authorizes PCLC to insert the initial funding date as the Equipment Acceptance Date below.

**PAPPY'S TRUCKS, LTD.**
By:  **Reeder Investments, LLC, General Partner**

BY: **X** _John Reeder_

       John P. Reeder
TITLE:     President/Manager

ACCEPTANCE DATE: _____

1

# EXHIBIT I

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| --- |

| B. E-MAIL CONTACT AT FILER (optional) |
| --- |

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703
USA

**FILING NUMBER:** 17-0006520829
FILING DATE: 02/27/2017    09:53 AM
DOCUMENT NUMBER: 718037030001
**FILED: Texas Secretary of State**
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME - Provide only **one** Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| **Pappy's Trucks, Ltd.** | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **13851 South Highway 34, P.O. Box 307** | **Scurry** | **TX** | **75158** | **USA** |

2. DEBTOR'S NAME - Provide only **one** Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY) - Provide only **one** Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| **PEOPLE'S CAPITAL AND LEASING CORP** | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **850 Main Street BC03/RC871** | **Bridgeport** | **CT** | **06604** | **USA** |

4. COLLATERAL: This financing statement covers the following collateral:
THIS IS NOT AN ALL ASSET OR ALL EQUIPMENT OR ALL INVENTORY FILING. This filing
covers specific items of equipment (or inventory if the goods are considered to
be inventory) in which Debtor grants to Secured Party a security interest, now
or in the future.

5. Check **only** if applicable and check **only** one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check **only** if applicable and check **only** one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check **only** if applicable and check **only** one box.
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
:4487 Master JB/SR Pappy's Trucks, Ltd. [127873900]

FILING OFFICE COPY

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**17-00080034**

**03/08/2017 05:00 PM**

**FILED**

TEXAS
SECRETARY OF STATE

SOS

720844090002

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
Corporation Service Company    1-800-858-5294

**B. E-MAIL CONTACT AT FILER** (optional)    544814 001 KBC
SPRFiling@cscinfo.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

┌
1283 99918

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

RECEIVED
MAR 8 2017
CLK 77

Filed In: Texas
(S.O.S.)
└

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
17-0006808272 02/28/2017

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: *attach* Amendment Addendum (Form UCC3Ad) *and* provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination
Statement

**3.** ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, *and* address of Assignee in item 7c *and* name of Assignor in item 9
For partial assignment, complete items 7 and 9 *and* also indicate affected collateral in item 8

**4.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is
continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check *one* of these two boxes:                                    AND Check *one* of these three boxes to:

This Change affects ☐ Debtor *or* ☐ Secured Party of record        ☐ CHANGE name and/or address: Complete   ☐ ADD name: Complete item   ☐ DELETE name: Give record name
                                                                      item 6a or 6b; *and* item 7a or 7b *and* item 7c     7a or 7b, *and* item 7c      to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only *one* name (6a or 6b)

| | |
|---|---|
| **6a. ORGANIZATION'S NAME** Pappy's Trucks, Ltd. | |

OR

| **6b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |
|---|---|---|---|
| | | | |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only *one* name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

**7a. ORGANIZATION'S NAME**

OR

**7b. INDIVIDUAL'S SURNAME**

**INDIVIDUAL'S FIRST PERSONAL NAME**

**INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)**    **SUFFIX**

| **7c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|
| | | | | |

**8.** ☑ **COLLATERAL CHANGE:** Also check *one* of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☑ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

THIS IS NOT AN ALL ASSET OR ALL EQUIPMENT OR ALL INVENTORY FILING.

This filing covers specific items of equipment (or inventory if the goods are considered to be inventory) in which Debtor
grants to Secured Party a security interest in connection with a specific loan, lease or other financing transaction,
including but not limited to the property listed on the attached Schedule A.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only *one* name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| **9a. ORGANIZATION'S NAME** PEOPLE'S CAPITAL AND LEASING CORP | |

OR

| **9b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA:** Debtor: Pappy's Trucks, Ltd. - 4487-001 JB/SR Pappy's - restate                    1283 99918

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Corporation Service Company   1-800-858-5294

B. E-MAIL CONTACT AT FILER (optional)   545298 001 KBC
SPRFiling@cscinfo.com

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

⌜1284 00296
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703 ⌟

RECEIVED
MAR - 8 2017
Filed in: Texas
(S.O.S.)

17-0008074471
03/08/2017 05:00 PM

FILED
TEXAS
SECRETARY OF STATE
SOS

720961700002

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | Pappy's Trucks, Ltd. | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 13851 South Highway 34, P.O. Box 307 | CITY Scurry | STATE TX | POSTAL CODE 75158 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | PEOPLE'S CAPITAL AND LEASING CORP | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 850 Main Street BC03/RC871 | CITY Bridgeport | STATE CT | POSTAL CODE 06604 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
THIS IS NOT AN ALL ASSET OR ALL EQUIPMENT OR ALL INVENTORY FILING.

This filing covers specific items of equipment (or inventory if the goods are considered to be inventory) in which Debtor grants to Secured Party a security interest in connection with a specific loan, lease or other financing transaction, including but not limited to the property listed on the attached Schedule A.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, Item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: 4487-002 JB/SR Pappy's Trucks, Ltd.
1284 00296

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd. Ste. 400
Wilmington, DE 19808

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

**17-0007998809**
**03/08/2017 05:00 PM**

**FILED**
TEXAS
SECRETARY OF STATE
SOS

720838770002

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| Corporation Service Company 1-800-858-5294 |
| B. E-MAIL CONTACT AT FILER (optional) |
| SPRFiling@cscinfo.com 544661 001 KBC |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |

1284 00520

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

RECEIVED
MAR 8 2017
CLK 1S
Filed In: Texas
(S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Pappy's Trucks, Ltd. |||||
|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 13851 South Highway 34, P.O. Box 307 | CITY Scurry | STATE TX | POSTAL CODE 75158 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME |||||
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME PEOPLE'S CAPITAL AND LEASING CORP |||||
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 850 Main Street BC03/RC871 | CITY Bridgeport | STATE CT | POSTAL CODE 06604 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
THIS IS NOT AN ALL ASSET OR ALL EQUIPMENT OR ALL INVENTORY FILING.

This filing covers specific items of equipment (or inventory if the goods are considered to be inventory) in which Debtor grants to Secured Party a security interest in connection with a specific loan, lease or other financing transaction, including but not limited to the property listed on the attached Schedule A.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: 4487-003 JB/SR Pappy's Trucks, Ltd.

1284 00520

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**17-0008588481**
**03/13/2017 05:00 PM**

**FILED**
TEXAS
SECRETARY OF STATE
SOS

721864780002

A. NAME & PHONE OF CONTACT AT FILER (optional)
Corporation Service Company    1-800-858-5294

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscinfo.com                    DXE

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)    553174 001

1285 55164
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

RECEIVED
MAR 13 2017
CLK 76
Filed In: Texas
(S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Pappy's Trucks, Ltd. | | | |
|---|---|---|---|
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 13851 South Highway 34, P.O. Box 307 | CITY Scurry | STATE TX | POSTAL CODE 75158 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME PEOPLE'S CAPITAL AND LEASING CORP | | | |
|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 850 Main Street BC03/RC871 | CITY Bridgeport | STATE CT | POSTAL CODE 06604 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
THIS IS NOT AN ALL ASSET OR ALL EQUIPMENT OR ALL INVENTORY FILING.

This filing covers specific items of equipment (or inventory if the goods are considered to be inventory) in which Debtor grants to Secured Party a security interest in connection with a specific loan, lease or other financing transaction, including but not limited to the property listed on the attached Schedule A.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative |
|---|---|
| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
| ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien   ☐ Non-UCC Filing |

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: 4487-004 JB/SR Pappy's Trucks, Ltd.                    1285 55164

Corporation Service Company
2711 Centerville Rd. Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

**17-0008381513**

**03/13/2017 05:00 PM**

**FILED**
TEXAS
SECRETARY OF STATE

SOS

**721518610002**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Corporation Service Company     1-800-858-5294

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscinfo.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

DXF
553173 001

1285 55535

RECEIVED
MAR 13 2017
CLK 73

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Texas
(S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Pappy's Trucks, Ltd. | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 13851 South Highway 34, P.O. Box 307 | CITY Scurry | STATE TX | POSTAL CODE 75158 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME PEOPLE'S CAPITAL AND LEASING CORP | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 850 Main Street BC03/RC871 | CITY Bridgeport | STATE CT | POSTAL CODE 06604 | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
THIS IS NOT AN ALL ASSET OR ALL EQUIPMENT OR ALL INVENTORY FILING.

This filing covers specific items of equipment (or inventory if the goods are considered to be inventory) in which Debtor grants to Secured Party a security interest in connection with a specific loan, lease or other financing transaction, including but not limited to the property listed on the attached Schedule A.

| 5. Check only if applicable and check one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative |
|---|---|
| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
| ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien   ☐ Non-UCC Filing |

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: 4487-005 JB/SR Pappy's Trucks, Ltd.                                    1285 55535

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

**17-0008588007**
**03/13/2017 05:00 PM**

FILED

TEXAS
SECRETARY OF STATE

SOS

721864050002

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company   1-800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**
SPRFiling@cscinfo.com                    DXE

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**      553171 001

1285 55738

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

RECEIVED
MAR 13 2017
CLK T6

Filed In: Texas
(S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | Pappy's Trucks, Ltd. | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 13851 South Highway 34, P.O. Box 307 | CITY Scurry | STATE TX | POSTAL CODE 75158 | COUNTRY USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | PEOPLE'S CAPITAL AND LEASING CORP | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 850 Main Street BC03/RC871 | CITY Bridgeport | STATE CT | POSTAL CODE 06604 | COUNTRY USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
THIS IS NOT AN ALL ASSET OR ALL EQUIPMENT OR ALL INVENTORY FILING.

This filing covers specific items of equipment (or inventory if the goods are considered to be inventory) in which Debtor grants to Secured Party a security interest in connection with a specific loan, lease or other financing transaction, including but not limited to the property listed on the attached Schedule A.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:** 4487-006 JB/SR Pappy's Trucks, Ltd.

1285 55738

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

# EXHIBIT J

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

```
PEOPLES CAPITAL & LEASING CORP
850 MAIN ST
BRIDGEPORT, CT 06604
```

0
0
0
2
2

DETACH HERE

---

# TEXAS CERTIFICATE OF TITLE

TxDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES

232778723

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0X2JJ181360 | 2018 | KW | CM |

| | | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|---|
| | | 10700142799102320 | 03/15/2017 |

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER | |
|---|---|---|---|---|
| | | 18942 | JLF5364 | |

PREVIOUS OWNER

ODOMETER READING

CON-TECH MANUFACTURING DODGE CENTE MN

EXEMPT

OWNER

REMARK(S)

PAPPY'S TRUCKS LTD
PO BOX 307
SCURRY, TX 75158

DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER | | 1ST LIEN RELEASED _____ DATE |
|---|---|---|---|
| 03/01/2017 | PEOPLES CAPITAL & LEASING CORP | | |
| | 850 MAIN ST | | |
| | BRIDGEPORT, CT 06604 | | BY _____ AUTHORIZED AGENT |

| DATE OF LIEN | 2ND LIENHOLDER | 2ND LIEN RELEASED _____ DATE |
|---|---|---|
| | | BY _____ AUTHORIZED AGENT |

| DATE OF LIEN | 3RD LIENHOLDER | 3RD LIEN RELEASED _____ DATE |
|---|---|---|
| | | BY _____ AUTHORIZED AGENT |

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE _____

SIGNATURE _____ DATE _____

SIGNATURE _____ DATE _____

FORM 30-C REV. 05/2016

DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is sued, the vehicle record will continue to ct the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

Case 19-33605 sgj11 Doc 13 Filed 11/20/19 Entered 11/20/19 15:45:10 Page 59 of 69

PEOPLES CAPITAL & LEASING CORP
850 MAIN ST
BRIDGEPORT, CT 06604

⬇ DETACH HERE ⬇          ---

## ⫸ ▌◀ TEXAS CERTIFICATE OF TITLE ▶▌ ⫷

TEXAS DEPARTMENT OF MOTOR VEHICLES

TxDMV

132778724

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0X4JJ181361 | 2018 | KW | CM |

TITLE/DOCUMENT NUMBER: 10700142799102706     DATE TITLE ISSUED: 03/15/2017

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | | 18913 | JLF5365 |

PREVIOUS OWNER
CON-TECH MANUFACTURING DODGE CENTE MN

ODOMETER READING
EXEMPT

OWNER
PAPPY'S TRUCKS LTD
PO BOX 307
SCURRY, TX 75158

REMARK(S)
DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER |
|---|---|
| 03/01/2017 | PEOPLES CAPITAL & LEASING CORP |
| | 850 MAIN ST |
| | BRIDGEPORT, CT 06604 |

1ST LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

| DATE OF LIEN | 2ND LIENHOLDER |
|---|---|

2ND LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

| DATE OF LIEN | 3RD LIENHOLDER |
|---|---|

3RD LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

R I G H T S  O F  S U R V I V O R S H I P  A G R E E M E N T
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE CERTIFICATE, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE

SIGNATURE _____ DATE

SIGNATURE _____ DATE

FORM 30-C REV. 05/2016          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Upon sale of this vehicle, the purchaser 1st apply for a new title within 30 days or the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

```
PEOPLE'S CAPITAL & LEASING COR
850 MAIN STREET
BRIDGEPORT, CT 06604
```

0
0
0
0
3
1

▼ DETACH HERE ▼    - - -

## TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

**TxDMV**

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0X8JJ181363 | 2018 | KW | CM |

| | | | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|---|---|
| | | | 10700042806101807 | 03/22/2017 |

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER | |
|---|---|---|---|---|
| | | 18902 | JLF0278 | |

PREVIOUS OWNER
CON-TECH MANUFACTURING D DODGE CENTE M

ODOMETER READING
EXEMPT

OWNER
```
PAPPY'S TRUCKS LTD
PO BOX 308
SCURRY, TX 75158
```

REMARK(S)
DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER | |
|---|---|---|
| 03/14/2017 | PEOPLE'S CAPITAL & LEASING COR 850 MAIN STREET BRIDGEPORT, CT 06604 | 1ST LIEN RELEASED _____ DATE |

BY _____
AUTHORIZED AGENT

| DATE OF LIEN | 2ND LIENHOLDER | 2ND LIEN RELEASED _____ DATE |
|---|---|---|

BY _____
AUTHORIZED AGENT

| DATE OF LIEN | 3RD LIENHOLDER | 3RD LIEN RELEASED _____ DATE |
|---|---|---|

BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

**RIGHTS OF SURVIVORSHIP AGREEMENT**
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE

SIGNATURE _____ DATE

SIGNATURE _____ DATE

FORM 30-C REV. 05/2016    DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Upon sale vehicle by purchaser must apply for a new title within 30 days or, if the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

```
0
0
0
0
2
9
```

PEOPLE'S CAPITAL & LEASING
CORP
850 MAIN ST
BRIDGE PORT, CT 06604

▽ DETACH HERE ▽          — — —          — — —

## TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

**TxDMV**

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0XXJJ183826 | 2018 | KW | CM |

TITLE/DOCUMENT NUMBER    DATE TITLE ISSUED

10700042806102616   03/22/2017

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | | 18902 | JLF0280 |

PREVIOUS OWNER     ODOMETER READING

CON TECH MANUFACTURING DODGE CENTE MN    EXEMPT

OWNER     REMARK(S)

PAPPY'S TRUCKS LTD
PO BOX 307
SCURRY, TX 75158    DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN
THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE
INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN     1ST LIENHOLDER

03/14/2017 PEOPLE'S CAPITAL & LEASING
CORP
850 MAIN ST
BRIDGE PORT, CT 06604

1ST LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

DATE OF LIEN     2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

DATE OF LIEN     3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER
OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

R I G H T S   O F   S U R V I V O R S H I P   A G R E E M E N T
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY
AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS
CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY,
AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE
AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE

SIGNATURE _____ DATE

SIGNATURE _____ DATE

FORM 30-C REV. 05/2016    DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Upon sale of this vehicle, the new title must be filed for a new title within 30 day of the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.



PEOPLES CAPITAL & LEASING CORP
850 MAIN ST
BRIDGEPORT, CT 06604

▼ DETACH HERE ▼                                              - - -                    - - -

# TEXAS CERTIFICATE OF TITLE

TxDMV                                                     TEXAS DEPARTMENT OF MOTOR VEHICLES
                                                                    132778722

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0X1JJ183827 | 2018 | KW | CM |

| | | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|---|
| | | 1070014279911O3217 | 03/15/2017 |

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER | |
|---|---|---|---|---|
| | | 18902 | JLF5366 | |

PREVIOUS OWNER                                                    ODOMETER READING
CON-TECH MANUFACTURING DODGE CENTE MN                    EXEMPT

OWNER                                                            REMARK(S)
PAPPY'S TRUCKS LTD                                        DIESEL
PO BOX 307
SCURRY, TX 75158

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN                        1ST LIENHOLDER                1ST LIEN RELEASED _____
03/01/2017  PEOPLES CAPITAL & LEASING CORP                               DATE
            850 MAIN ST
            BRIDGEPORT, CT 06604          BY _____
                                              AUTHORIZED AGENT

DATE OF LIEN                        2ND LIENHOLDER                2ND LIEN RELEASED _____
                                                                         DATE

                                              BY _____
                                                  AUTHORIZED AGENT

DATE OF LIEN                        3RD LIENHOLDER                3RD LIEN RELEASED _____
                                                                         DATE

                                              BY _____
                                                  AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

R I G H T S   O F   S U R V I V O R S H I P   A G R E E M E N T
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____

FORM 30-C REV. 05/2016          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Upon sale of the vehicle the purchaser must apply for a new title within 30 days or the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

```
0
0
0
0
3
0
```

PEOPLE'S CAPITAL & LEASING
CORP
850 MAIN ST
BRIDGEPORT, CT 06604

▼ DETACH HERE ▼

--- 

## TEXAS CERTIFICATE OF TITLE

TxDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES

232962627

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0X6JJ181362 | 2018 | KW | CM |

TITLE/DOCUMENT NUMBER: 10700042806102249   DATE TITLE ISSUED: 03/22/2017

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | | 18902 | JLF0279 |

PREVIOUS OWNER: CON TECH MANUFACTURING DODGE CENTE MN

ODOMETER READING: EXEMPT

OWNER
PAPPY'S TRUCKS LTD
PO BOX 307
SCURRY, TX 75758

REMARK(S)
DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: 03/14/2017   1ST LIENHOLDER
PEOPLE'S CAPITAL & LEASING
CORP
850 MAIN ST
BRIDGEPORT, CT 06604

1ST LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

DATE OF LIEN   2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

DATE OF LIEN   3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

_____ SIGNATURE _____ DATE

_____ SIGNATURE _____ DATE

_____ SIGNATURE _____ DATE

FORM 30-C REV. 05/2016   DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

PEOPLES CAPITAL & LEASING CORP
850 MAIN ST
BRIDGEPORT, CT 06604

0
0
0
0
3
2

▼ DETACH HERE ▼                                                    — — —

# TEXAS CERTIFICATE OF TITLE

TxDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0X8JJ183825 | 2018 | KW | CM |

TITLE/DOCUMENT NUMBER   DATE TITLE ISSUED
10700042806101355  03/22/2017

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | | 18902 | JLF0277 |

PREVIOUS OWNER
CON-TECH MANUFACTURING DODGE CITY MN

ODOMETER READING
EXEMPT

OWNER
PAPPY'S TRUCKS LTD
PO BOX 307
SCURRY, TX 75158

REMARK(S)
DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER |
|---|---|
| 03/14/2017 | PEOPLES CAPITAL & LEASING CORP |

1ST LIEN RELEASED _____  DATE

850 MAIN ST
BRIDGEPORT, CT 06604

BY _____
AUTHORIZED AGENT

| DATE OF LIEN | 2ND LIENHOLDER |
|---|---|

2ND LIEN RELEASED _____  DATE

BY _____
AUTHORIZED AGENT

| DATE OF LIEN | 3RD LIENHOLDER |
|---|---|

3RD LIEN RELEASED _____  DATE

BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

R I G H T S  O F  S U R V I V O R S H I P  A G R E E M E N T
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____  DATE

SIGNATURE _____  DATE

SIGNATURE _____  DATE

FORM 30-C REV. 05/2016        DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Upon sale of this vehicle, original title must be applied for. While the new title is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

PEOPLES CAPITAL & LEASING CORP
850 MAIN ST
BRIDGEPORT, CT 06604

0000027

▼ DETACH HERE ▼                                    --- ---

## TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

133043268

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0XXJJ181364 | 2018 | KW | CM |

TITLE/DOCUMENT NUMBER          DATE TITLE ISSUED
10700142813160534  03/29/2017

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | | 18913 | JNB4708 |

PREVIOUS OWNER                                    ODOMETER READING
CON TECH MANUFACTURING DODGE CENTE MN          EXEMPT

OWNER                                            REMARK(S)
PAPPYS TRUCKS LTD                              DIESEL
PO BOX 307
SCURRY, TX 75158

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER | 1ST LIEN RELEASED | DATE |
|---|---|---|---|
| 03/10/2017 | PEOPLES CAPITAL & LEASING CORP 850 MAIN ST BRIDGEPORT, CT 06604 | BY _____ AUTHORIZED AGENT | |

| DATE OF LIEN | 2ND LIENHOLDER | 2ND LIEN RELEASED | DATE |
|---|---|---|---|
| | | BY _____ AUTHORIZED AGENT | |

| DATE OF LIEN | 3RD LIENHOLDER | 3RD LIEN RELEASED | DATE |
|---|---|---|---|
| | | BY _____ AUTHORIZED AGENT | |

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE          DATE
SIGNATURE          DATE
SIGNATURE          DATE

FORM 30-C REV. 05/2016          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Upon sale of the vehicle, sign the back of the title. When a vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

PEOPLES CAPITAL & LEASING CORP
850 MAIN ST
BRIDGEPORT, CT 06604

0
0
0
0
2
9

▼ DETACH HERE ▼    - - -

## TEXAS CERTIFICATE OF TITLE

TxDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES

133043270

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0X4JJ183823 | 2018 | KW | CM |

| | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|
| | 10700142813160056 | 03/29/2017 |

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER | ODOMETER READING |
|---|---|---|---|---|
| | | 18902 | JNB4707 | EXEMPT |

PREVIOUS OWNER
CON TECH MANUFACTURING DODGE CENTE MN

OWNER                              REMARK(S)
PAPPYS TRUCKS LTD                  DIESEL
PO BOX 307
SCURRY, TX 75158

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN                1ST LIENHOLDER
03/10/2017 PEOPLES CAPITAL & LEASING CORP
           850 MAIN ST
           BRIDGEPORT, CT 06604

1ST LIEN RELEASED _____ DATE

BY _____
AUTHORIZED AGENT

DATE OF LIEN                2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE

BY _____
AUTHORIZED AGENT

DATE OF LIEN                3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE

BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE

SIGNATURE _____ DATE

SIGNATURE _____ DATE

FORM 30-C REV. 05/2016      DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days until the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

PEOPLES CAPITAL & LEASING CORP
850 MAIN ST
BRIDGEPORT, CT 06604

0
0
0
0
2
8

▼ DETACH HERE ▼                                         ---

## TEXAS CERTIFICATE OF TITLE

**TEXAS DEPARTMENT OF MOTOR VEHICLES**

133043269

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1NKZLP0X6JJ183824 | 2018 | KW | CM |

| | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|
| | 10700142813155657 | 03/29/2017 |

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER | |
|---|---|---|---|---|
| | | 18902 | JNB4706 | |

PREVIOUS OWNER
CON TECH MANUFACTURING DODGE CENTE MN

ODOMETER READING
EXEMPT

OWNER
PAPPYS TRUCKS LTD
PO BOX 307
SCURRY, TX 75158

REMARK(S)
DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN          1ST LIENHOLDER
03/10/2017  PEOPLES CAPITAL & LEASING CORP
            850 MAIN ST
            BRIDGEPORT, CT 06604

1ST LIEN RELEASED _____ DATE
BY _____
AUTHORIZED AGENT

DATE OF LIEN          2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE
BY _____
AUTHORIZED AGENT

DATE OF LIEN          3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE
BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

R I G H T S   O F   S U R V I V O R S H I P   A G R E E M E N T
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE
SIGNATURE _____ DATE
SIGNATURE _____ DATE

FORM 30-C REV. 05/2016          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

# EXHIBIT K

Future Value Projection Prepared for

Pappy's Trucks

People's Capital & Leasing Corp.

**irontrax**
Appraisals, Liquidations & Advisory

| Total Cost: | $861,140 |
| Estimated Cost: | $172,228 |

## TRACTORS

| Quantity | Description | YEAR | Appraised Value (Per Unit) | | | | |
|---|---|---|---|---|---|---|---|
| | | | Orderly Liquidation Value | % | Fair Market Value | % |
| 5 | **2018 KENWORTH** Model T880 Cab & Chassis, Paccar MX-13 Engine, 380 HP, Allison 4700RDS Transmission, Rear Engine PTO, Dual Power Steering, 22,000 Lbs. Front Axle, 46,000 Lbs. Rear Axles, 4.89 Ratio, Full Locking Rear Ends, Double Framed, Stainless Steel Exterior Visor, 75 gallon Aluminum Fuel Tank, Single Chrome Exhaust Stack, Heated Power Mirrors, Vantage Vinyl Interior, Power Windows and Locks, AM/FM/WB/USB Bluetooth Radio, Chalmers Suspension, 228 Inch Wheel Base, Air Disc Brakes, Aluminum Disc Front Wheels, Steel Disc Rear, 425/65R22.5 Front Tires, 11R22.5 Rear Tires, CON-TECH Model Extreme Duty 11 Yard High Performance Mixer, ZF Gear Box, Slump Gauge, 150 Gallon Aluminum Side Mount Water Tank, 1/4 Inch Steel Drum, 5/16 Inch Mixing Fins, 46 inch Drum Opening, Air Hopper, Fold Down Ladder, (3) 48 Inch Chute Extensions, Wash Down Hose, Electric Controls, Omnex Wireless Remote, Steel Rear Fenders *(Assumes 25,000 Miles Per Year)* | Day 1 | $130,000 | 75% | $145,000 | 84% |
| | | Year 1 | $115,000 | 67% | $127,500 | 74% |

Notes:

15%+/- Marketing Expenses are not included, but should include: Inspection, Sales Commission, Marshaling, Security, Advertising, Clean/Prep & Repair Work, De-Identification, etc. Valuation assumes the condition and usage of the equipment to be in accordance with the parameters set forth in maintenance & return provisions section of the lease agreement.