**Larry A. Levick**
**State Bar No. 12252600**
**Email: levick@singerlevick.com**
**Michelle E. Shriro**
**State Bar No. 18310900**
**Email: mshriro@singerlevick.com**
**SINGER & LEVICK, P.C.**
**16200 Addison Road, Suite 140**
**Addison, Texas 75001**
**Telephone: 972.380.5533**
**Fax: 972.380.5748**
**COUNSEL FOR FIRST INSURANCE FUNDING**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **PAPPY'S TRUCKS LTD.,** | ) | Case No. 19-33605-sgj11 |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| **FIRST INSURANCE FUNDING,** | ) | |
| **A DIVISON OF LAKE FOREST BANK** | ) | |
| **& TRUST COMPANY, N.A.,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| vs. | ) | Hearing: January 16, 2020 at 1:30 PM |
| | ) | Response Due: January 3, 2020 |
| **PAPPY'S TRUCKS LTD.,** | ) | |
| | ) | |
| **Debtor/Respondent.** | ) | |

### FIRST INSURANCE FUNDING'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PREMIUM FINANCE AGREEMENT *NUNC PRO TUNC*

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON JANUARY 3, 2020, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF.**

**A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**COMES NOW**, FIRST Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A. ("**FIRST**"), by its undersigned counsel, and pursuant to 11 U.S.C. § 362, files this, its *Motion for Relief from the Automatic Stay as to Premium Finance Agreement Nunc Pro Tunc* ("**Motion**"), moving for approval of an Order terminating the automatic stay, and in support thereof, states as follows:

## PARTIES

1. FIRST is a division of a national bank engaged in the business of financing insurance premiums.

2. On August 5, 2019, Top Cat Ready Mix, LLC ("**Top Cat**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [Case No. 19-32635-hdh11]. Thereafter, an affiliated entity, Pappy's Trucks Ltd. ("**Pappy's Trucks**", and collectively with Top Cat for purposes of this Motion[1], "**Debtors**"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [Case No. 19-33605-sgj11] on October 31, 2019 ("**Pappy's Trucks Petition Date**"). The Debtors have retained the same bankruptcy counsel but have not requested joint administration of their cases.

3. The bases for the relief requested in this Motion are Section 362 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., and Federal Rule of Bankruptcy Procedure 4001.

---

[1] Contemporaneously herewith, FIRST has filed parallel Motions for Relief from the Automatic Stay in both the Pappy's Trucks and Top Cat bankruptcy cases seeking entry of an Order granting identical relief as to the same Financing Agreement and Financed Insurance, both as defined below.

4. The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334(a).

5. This contested matter is a "core" proceeding as defined in 28 U.S.C. § 157.

6. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409

**THE PRE-PETITION FINANCE AGREEMENT**

7. Prior to the Petition Date, FIRST financed the Debtors' purchase of certain insurance policies. On or about March 19, 2019, FIRST and the Debtors[2] entered into a Commercial Premium Finance Agreement ("**Finance Agreement**"), pursuant to which FIRST financed $828,819.20 of the Debtors' purchase of five (5) insurance policies with total premiums, taxes, and fees of $948,060.51. A copy of the executed Finance Agreement is attached hereto as **Exhibit A**. The five (5) insurance policies are: (i) the Property policy (No. MKLM6IM0053054) with Markel American Insurance Co., (ii) the General Liability policy (No. CF4GL01240191) with Everest Denali Insurance Company, (iii) the Auto policy (No. CF4CA01330191) with Everest Denali Insurance Company, (iv) the Auto Physical Damage policy (No. HSI0002239) with First Financial Insurance Co., and (v) the Excess Liability policy (No. 56000105600) with Guideone National Insurance Co. (collectively, the "**Financed Insurance**"). The Financed Insurance policies all have a twelve (12) month policy term effective March 17, 2019.

8. On account of the Finance Agreement, the Debtors paid their insurance agent a down payment of $119,241.31 and beginning on April 17, 2019 the Debtors were required to pay the balance due thereunder to FIRST in equal monthly installments of $85,290.07 over the course

---

[2] While the Finance Agreement was executed by Pappy's Trucks, Ltd. as the "Insured/Borrower", Top Cat is a named insured on the Auto policy, notwithstanding that Top Cat did not list any interests in insurance policies on its Schedule B [Case No. 19-32635-hdh11, Dkt. 37, at p. 7]. A copy of the Endorsement for the Auto policy is attached hereto as **Exhibit B**. Thus, FIRST has filed this Motion in both the Pappy's Trucks case and Top Cat case out of an abundance of caution and transparency.

of ten (10) months, with the last payment due on January 17, 2020.  Subsequently, as a result of certain reductions in coverage requested by the Debtors, the monthly installment due on each of October 17, 2019, November 17, 2019, December 17, 2019 and January 17, 2020 was reduced to $74,333.07.  A copy of the corresponding Customer Account History Report for the Finance Agreement is attached hereto as **Exhibit C**.

9. FIRST is a secured creditor of the Debtors with a security interest in the Financed Insurance, including all return premiums, dividend payments, loss payments, unearned premiums and any other sums payable to the Debtors arising out of and related to the Financed Insurance ("**Finance Agreement Collateral**").  The Finance Agreement allows FIRST, as the Debtors' attorney-in-fact, to: (i) cancel the Financed Insurance; (ii) receive any unearned or returned premiums; and (iii) execute and deliver on behalf of the Debtors all documents relating to the Financed Insurance in furtherance of the Finance Agreement.

10. The Debtors defaulted upon the Finance Agreement by failing to make the required monthly payments due October 17, 2019, November 17, 2019 and December 17, 2019, notwithstanding that Top Cat sought and obtained interim and final authorization to use cash collateral to pay for various necessary expenses including insurance.  S*ee* Case No. 19-32635-hdh11, Interim Order [Dkt. 18, August 9, 2019], Second Interim Order [Dkt. 36, August 26, 2019] and Final Order [Dkt. No. 63, October 9, 2019].  The Debtors last made a payment under the Finance Agreement on October 23, 2019, which payment was applied to the September 17, 2019 monthly installment.  The Debtors attempted to make a payment on November 11, 2019 but it was returned for insufficient funds.[3]  *See* **Exhibit C**.

---

[3] The November 11, 2019 attempted payment was returned for insufficient funds on November 20, 2019.

11. As of December 18, 2019, (i) the total past due amount owed on the Finance Agreement was $253,000.71 and (ii) the total balance owed is $327,333.78, plus attorneys' fees and collection costs ("**Indebtedness**"). *See* **Exhibit C**.

## RELIEF REQUESTED

12. FIRST seeks relief from the automatic stay to permit FIRST to exercise its rights and remedies in connection with the Finance Agreement and the Finance Agreement Collateral and to cancel the Financed Insurance.

13. Section 362(d) of the United States Bankruptcy Code, in relevant part, provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ---
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under section (a) of this section, if---
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §362(d).

14. FIRST is a secured creditor with a security interest in the Financed Insurance, including all return premiums, dividend payments, loss payments and unearned premiums.

15. FIRST perfected its interest in the Finance Agreement Collateral upon entering into the Finance Agreement and funding the Financed Insurance. *See Tex. Ins. Code § 651.157* ("Filing of a premium finance agreement or a financing statement is not necessary to perfect the agreement as a secured transaction against a creditor, subsequent purchaser, pledgee, encumbrancer, successor, or assign of the insured or any other party."); *Tex. Bus. & Comm. Code § 9.109(d)(8)* ("[t]his chapter does not apply to: … a transfer of an interest in or an assignment of a claim under

a policy of insurance"). Courts have uniformly held that a creditor need not file a UCC financing statement to perfect its security interest in unearned premiums; a security interest in unearned premiums attaches and is perfected upon the execution of the security agreement or the funding of the policy. *In re U.S. Repeating Arms Co.*, 67 B.R. 990, 994 (Bankr. D. Conn. 1986) (applying Maryland law and stating Connecticut law to be the same); *In re RBS Industries, Inc.*, 67 B.R. 946, 949-950 (Bank. D. Conn 1986) (New York law); *In re Teligent Inc.*, 337 B.R. 39, 44 (Bankr. S.D.N.Y. 2005) (New York and Virginia law); *In re Barton Indus. Inc.*, 104 F.3d 1241, 1246-1247 (10th Cir. 1997) (Oklahoma law); *In re JII Liquidating, Inc.*, 344 B.R. 875, 882-884 (Bankr. N.D. Ill. 2006) (Illinois law and stating cases have uniformly held that Article 9 of the UCC does not apply to a security interest in unearned insurance premiums); *In re St. James Inc.*, 402 B.R. 209, 213 (Bankr. E.D. Mich. 2009) (Michigan law and compiling multiple cases analyzing other law and reaching same result).

16. The automatic stay should be terminated for cause pursuant to Section 362(d)(1). Pursuant to Section 362(d)(1), FIRST is entitled to adequate protection of the value of its security interest in the Finance Agreement Collateral throughout the pendency of the bankruptcy cases. *U.S. Repeating Arms Co.*, 67 B.R. at 998-1000 ("the value of their secured position *as it existed at the commencement of the case* is to be protected throughout the case when adequate protection *is required*…") (emphasis in original) (citing *In re Auto-Train Corp.*, 9 B.R. 159, 166-167 (Bankr. D. D.C. 1981) (creditor was entitled to adequate protection from inception of Chapter 11 case through expiration period for policies)); *see also In re Landing Assocs., Ltd.*, 122 B.R. 288, 292 (Bankr. W.D. Tex. 1990) (in contrasting valuation for purposes of plan confirmation as opposed to for ordering adequate protection, noting that "the function of adequate protection is to maintain the value of the creditor's interest in the property as of the filing date."); *In re Davis*, 215 B.R. 824

(Bankr. N.D. Tex. 1997) (collateral "securing a claim may be valued at the petition date to determine adequate protection payments for purposes of §§ 361 and 362"). FIRST lacks adequate protection for its security interest in the Financed Insurance and Finance Agreement Collateral and cause exits for lifting the stay as a result of the Debtors' substantial payment defaults ongoing throughout the pendency of Pappy's Trucks bankruptcy case. The Debtors failed to make the monthly installment payments notwithstanding that payments for insurance were specifically authorized by the final cash collateral budget in the Top Cat case [Case No. 19-32635-hdh11, Dkt. 63].

17.     FIRST further lacks adequate protection for its security interest in the Financed Insurance and Finance Agreement Collateral under Section 362(d)(1) because FIRST's collateral, including the unused portion of insurance premiums placed with insurance companies, deteriorates on a daily basis. Specifically, for every day of non-payment, FIRST's collateral erodes by approximately $2,580.38[4], representing the daily use of the insurance by Debtors. In this regard, good cause exists to terminate the automatic stay *nunc pro tunc* to Pappy's Trucks Petition Date,[5] because, among other things, the failure to grant the requested relief *nunc pro tunc* will cause unnecessary cost (or loss of collateral) to FIRST, thereby increasing FIRST's claims (including administrative expense) in the Debtors' Estates.

18.     Additionally, the automatic stay should also be lifted pursuant to Section 362(d)(2) because the Debtors do not have any equity in the Financed Insurance and such property is not

---

[4] Total annual refundable premium $941,840.00 divided by 365 days in calendar year.
[5] As of Pappy's Trucks Petition Date, FIRST estimates that the amount of return premiums would be no more than $337,062.04, thereby rendering FIRST secured by approximately $9,728.26 as of that date, not including any fees and costs provided for by the Finance Agreement. Thereafter, FIRST's collateral position will continue to deteriorate at the rate of $2,580.38 a day until the Financed Insurance expires on March 17, 2020.

necessary to an effective reorganization. The Debtors have failed to demonstrate any probability of the potential reorganization of their affairs within a reasonable period of time.

19. Thus, based upon the payment default, FIRST contends that it is suffering from an ongoing harm from the continuation of the automatic stay which prevents FIRST from enforcing its rights as a secured creditor and from demanding the return of the unused portion of the insurance premiums. Cause exists to terminate the automatic stay *nunc pro tunc* to the Pappy's Trucks Petition Date to permit FIRST to cancel the Financed Insurance and collect the unused insurance premiums. In the alternative, FIRST is entitled to other adequate protection under Section 361 sufficient to ensure the value of FIRST's secured position as of the commencement of the case.

20. To the extent that the recovered unearned premiums exceed the Indebtedness, the unearned premiums recovered by FIRST would be turned over to the Debtors (or any subsequently appointed trustee) for the benefit of the Debtors' Estates and creditors.

21. FIRST requests that any Order granting this Motion will be effective immediately upon entry and, notwithstanding Rule 4001(a)(3), enforcement of such Order will not be stayed until the expiration of fourteen (14) days after entry of the Order.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, FIRST respectfully requests the following relief:

A. That the automatic stay of 11 U.S.C. § 362 be terminated, *nunc pro tunc* to the Pappy's Trucks Petition Date, to permit FIRST to exercise its rights and remedies under applicable non-bankruptcy law in connection with the Finance Agreement, Financed Insurance and Financed Collateral;

B. That FIRST be authorized to take any and all actions necessary to (i) cancel the Financed Insurance as of October 31, 2019 without further notice (either contractually or statutorily); (ii) recover its Finance Agreement Collateral directly from the respective carriers, including, the unused portion of insurance premiums; and (iii) apply any recoveries to the Indebtedness owed to FIRST under the Finance Agreement;

C. That FIRST be granted other adequate protection under Section 361 sufficient to ensure the value of FIRST's secured position during these cases, by requiring the Debtors to make adequate protection payments to FIRST in the amount of $253,000.71 (representing the past due payments) and all future monthly installments payments including the pending payment due January 17, 2020. The Debtors have not provided FIRST with adequate protection of its security interest in the Financed Insurance;

D. To the extent that any audits need to be performed by any carrier on the Financed Insurance, the Debtors are directed to cooperate to the full extent possible;

E. That the relief requested herein, if granted, be effective immediately and not subject to a stay under Federal Rule of Bankruptcy Procedure 4001; and

F. That FIRST be granted such other and further relief as is just and equitable.

**DATED: December 20, 2019**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:   /s/ Larry A. Levick
      Larry A. Levick
      State Bar No. 12252600
      Michelle E. Shriro
      State Bar No. 18310900

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: levick@singerlevick.com
Email: mshriro@singerlevick.com

**And**

SHAPIRO SHER GUINOT & SANDLER
Scott W. Foley
Daniel J. Zeller
250 West Pratt Street, Suite 2000
Baltimore, MD 21201
Phone: 410.385.4234
Email: swf@shapirosher.com
Email: djz@shapirosher.com

ATTORNEYS FOR FIRST INSURANCE FUNDING

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have spoken with Joyce W. Lindauer, counsel for the Debtor, earlier this month regarding the facts discussed herein. As of the filing of this Motion, the parties have been unable to come to a resolution and, therefore, this matter is brought to the Court for determination.

/s/ Larry A. Levick
Larry A. Levick

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system. Notice of the filing has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, and to the parties listed below and on the attached Service List via first class mail, postage prepaid, as required by Local Bankruptcy Rule 4001-1(a), on this 20th day of December, 2019.

| **DEBTOR PAPPY'S TRUCKS LTD.:**<br>Bryan Huddleston, President<br>Pappy's Trucks Ltd.<br>13851 S. State Highway 34<br>Scurry, TX 75158 | **DEBTOR PAPPY'S TRUCKS LTD.:**<br>Bryan Huddleston, President<br>Pappy's Trucks Ltd.<br>PO Box 307<br>Scurry, TX 75158 |
|---|---|
| **DEBTOR TOP CAT READY MIX, LLC**<br>Rena Huddleston, President<br>2040 Dowdy Ferry Road<br>Dallas, TX 75217 | **ATTORNEY FOR DEBTORS:**<br>Joyce W. Lindauer<br>Joyce W. Lindauer Attorney, PLLC<br>12720 Hillcrest Road, Suite 625<br>Dallas, TX 75230 |
| **U.S. TRUSTEE:**<br>Nancy S. Resnick<br>United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242 | |

/s/ Larry A. Levick
Larry A. Levick